**HANNAH E. HUTCHINS, Appellant, *v.* ORRIN B. HUTCHINS, Respondent.**

A deed in fee may not be so far contradicted by parol, as to show that it was not intended to operate at all, or that it was the intention or agreement of the parties that the grantee should acquire no rights under it,

or that he should reconvey on request of the grantor without consideration.

So also a reservation of a life estate to the grantor may not be proved by parol.

The declarations of a former owner of property, made before or after the time when he held title, do not bind his successor in interest.

In an action of ejectment, plaintiff claimed as devisee of P., to whom the land had been conveyed by defendant, his brother. Defendant alleged in his answer, that the conveyance was intended simply as a mortgage in trust to secure $800, and was given under an agreement that the title should remain in him, that P., his heirs or assigns, would never ask payment of said sum, but would release and reconvey upon request. On the trial, defendant was allowed to prove under objection and exception, that P. was supposed to be worth $15,000, while, as defendant testified, he himself was not a man of property. *Held* error; and that it could not be said that the evidence was harmless.

Illegal evidence tending to excite the passions, arouse the prejudices, awaken the sympathies, or influence the judgment of jurors, may not be considered harmless.

After the court had charged that the only question for the jury was whether the deed was what it purported to be, or was intended as a mortgage; at the request of defendant's counsel, he charged further, if P. promised that defendant should have possession during his life, in consideration of the conveyance, and defendant had kept possession under that agreement, paying taxes and making valuable improvements on the strength of it, he was entitled to possession during life, and the action could not be maintained; there was no evidence that any such improvements had been made. *Held,* that the charge was erroneous.

*Freeman* v. *Freeman* (43 N. Y. 34), distinguished.

(Argued December 12, 1884; decided January 20, 1885.)

15 week Dig 370 reversed

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made September 5, 1882, which affirmed a judgment in favor of defendant, entered upon a verdict.

The nature of the action and the material facts are stated in the opinion.

*R. H. Duell* for appellant. Where a judge instructs the jury that they may find a verdict upon either of two distinct grounds, and the charge as to either is wrong, a general verdict cannot be sustained. (*Booth* v. *B. & A. R. R.,* 67 N.

Y. 593 ; *Sayre* v. *Townsend*, 15 Wend. 647.) A verdict obtained for a cause of action, or upon a defense not set up in the pleadings, cannot be sustained. (*Southwick* v. *Bk. of Memphis*, 84 N. Y. 420 ; *Hudson* v. *Swan*, 83 id. 552 ; *Neudecker* v. *Kohlberg*, 81 id. 296 ; *Kelsey* v. *Western*, 2 Comst. 500 ; *Wright* v. *Delafield*, 25 N. Y. 270 ; *McKyring* v. *Bull*, 16 id. 297 ; *Arnold* v. *Angell*, 62 id. 508 ; *Hall* v. *U. S. Reflector Co.*, 30 Hun, 375 ; *Brazill* v. *Isham*, 2 Kern. 9 ; *O'Toole* v. *Garvin*, 1 Hun, 95.) Where evidence is given upon the trial of an action pertinent to the issue therein, and which also presents another issue not made by the pleadings, the reception of such evidence without objection is not a waiver of any objection to the consideration of such other issue. (*Arnold* v. *Angell*, 62 N. Y. 508 ; *Williams* v. *M. & T. Ins. Co.*, 54 id. 569 ; *Codd* v. *Rathbone*, 19 id. 37 ; *Dewey* v. *Moyer*, 9 Hun, 480 ; 67 N. Y. 240.) The presumption always arises that an instrument is what it purports on its face to be, an absolute conveyance of the land ; to overcome that presumption and to establish its character as a mortgage the evidence must be clear, unequivocal and convincing. (3 Pomeroy's Eq. Juris., 175, § 1196 ; *Marks* v. *Pell*, 1 Johns. Ch. 599 ; *Holmes* v. *Grant*, 8 Paige, 247 ; *Barrett* v. *Carter*, 3 Lans. 68 ; *Howland* v. *Blake*, 97 U. S. 624 ; *Bracket* v. *Harvey*, 91 N. Y. 224 ; *Cronkhite* v. *Cronkhite*, 18 Weekly Dig. 399.) Although it may be shown by parol evidence that a deed, absolute on its face, was intended as a mortgage, yet this rule only prevails to the extent of showing that at the time of the execution and delivery of a deed, the parties made such an agreement. A subsequent agreement to that effect is not enough, unless it be in writing, and formally executed. (*Barrett* v. *Carter*, 3 Lans. 68 ; *Thomas* v. *Saxton*, 47 Barb. 220 ; *Sturtevant* v. *Sturtevant*, 20 N. Y. 40 ; *Cook* v. *Eaton*, 16 Barb. 434 ; *Brown* v. *Dewey*, 2 id. 225 ; *Holmes* v. *Grant*, 8 Paige, 243 ; 2 Wash. on Real Prop. 54 ; Thomas on Mort. 14 ; *Marks* v. *Pell*, 1 Johns. Ch. 599 ; *Kelly* v. *Thompson*, 7 Watts, 401 ; *Bryan* v. *McPhail*, 21 Ala. 93 ; *Lund* v. *Lund*, 1 N. H. 39 ; Thomas on Mort. 12 ; 1 Hill. on Real Prop. 534 ; 4 Kent's Com. 142.)

The absence of all proof that Orrin became a debtor to Phineas for the sum alleged to have been advanced, or bound himself to pay it, while not decisive, is a strong circumstance to prove that this deed was not intended as a mortgage. (*Fullerton* v. *McCurdy*, 55 N. Y. 639; *Hill* v. *Grant*, 46 id. 496; *McCauley* v. *Porter*, 71 id. 173 ; 2 Wash. on Real Prop. 57.) Upon the sale and conveyance of lands the grantor and grantee may contract with each other for a re-sale, and such a contract does not divest the title acquired under the deed, or convert it into a mortgage. (*Randall* v. *Saunders*, 87 N. Y. 578; *McCauley* v. *Porter*, 71 id. 173 ; 19 Wend. 518; 2 Barb. 28; 4 Denio, 493; 2 Lans. 249; 5 Duer, 285.) Where the judge leaves it to the jury to infer a fact not warranted by the evidence it is error, and a new trial will be granted. (*Leeds* v. *N. G. Co.*, 90 N. Y. 26 ; *Storey* v. *Brennan*, 15 id. 524; 12 Barb. 85; 1 Wend. 511; 1 Denio, 583; *Stone* v. *Browning*, 68 N. Y. 598.) Assuming that an agreement was made at the time the deed was given (of which, however, there is no proof), it was at most only a parol conditional sale — not an agreement that the deed was to operate as a mortgage. (87 N. Y. 578 ; 4 Denio, 493; 4 Kent's Com. 144; *Fullerton* v. *McCurdy*, 55 N. Y. 637 ; *Hill* v. *Grant*, 46 id. 496; *Randall* v. *Saunders*, 87 id. 578; *McCauley* v. *Porter*, 71 id. 173 ; *Saxton* v. *Hitchcock*, 47 Barb. 220; *Baker* v. *Thrasher*, 4 Denio, 493.) The agreement as set up in the answer created a trust in lands, and being by parol, was void under the statute. It was a naked promise by the grantee to take the title in his own name, pay for it with his own money, and hold it for the benefit of the defendant. It could not be enforced in equity and could not be proved by parol. (*Sturtevant* v. *Sturtevant*, 20 N. Y. 39 ; *Levy* v. *Bush*, 45 id. 589; *Blake* v. *Howland*, 97 U. S. 624; 7 Barb. 63; 20 Weekly Dig. 22 ; *Church* v. *Howard*, 79 N. Y. 415 ; *Marks* v. *Pell*, 1 Johns. Ch. 598; *Barrett* v. *Carter*, 3 Lans. 71; *Brown* v. *Brown*, 29 Hun, 501; *Blake* v. *Howland*, 97 U. S. 624.; The evidence being irrelevant and received under objection, it entitles the plaintiff to a new trial, as she is presumed to be

injured by its reception. (*Worrall* v. *Parmalee*, 1 Comst. 519 ; *Baird* v. *Gillett*, 47 N. Y. 187 ; *Starbird* v. *Barrows*, 43 id. 200 ; *Neudecker* v. *Kohlberg*, 81 id. 296.) If the judge incorrectly charges the law to the jury, and such error may have injuriously affected the party, and he has excepted thereto, he need not, in order to place himself in position to correct that error, request the judge to charge correct propositions, which are antagonistic to his charge, nor request him to submit matters of fact to the jury. (*People, ex rel. Dailey*, v. *Livingston*, 79 N. Y. 280 ; *Carnes* v. *Platt*, 6 Robt. 271 ; *East Hampton* v. *Kirk*, 68 N. Y. 459 ; *Goldsmith* v. *Abrahams*, 9 Daly, 222.) The evidence as to Phineas being a man of property was inadmissible. No fair inference can be drawn that an absolute deed was intended as a mortgage because the grantee in the deed happened to be a man of property. (*Green* v. *Disbrow*, 56 N. Y. 334 ; 45 id. 791 ; 33 id. 656.) Any illegal evidence that would have a tendency to excite the passions, arouse the prejudices, awaken the sympathies, or warp or influence the judgments of the jurors in any degree cannot be considered as harmless. (*Anderson* v. *Rome, W. & O. R. R.*, 54 N. Y. 334 ; *Neudecker* v. *Kohlberg*, 81 id. 296 ; 1 Comst. 519 ; 4 Seld. 521 ; 43 N. Y. 200 ; 47 id. 186 ; 76 id. 170.)

*A. P. Smith* for respondent. A deed purporting to be an absolute conveyance of land, but in fact intended as a security for a debt, is a mortgage. (*Dunham* v. *Day*, 15 Johns. 555 ; *McBurney* v. *Williams*, 42 Barb. 390 ; *Dodge* v. *Wellman*, 43 How. 427, Ct. App. ; *Henry* v. *Davis*, 7 Johns. Ch. 40 ; *Roach* v. *Cosine*, 9 Wend. 228 ; *Slee* v. *Manhattan Co.*, 1 Paige, 48.) Until foreclosure the title remains in the mortgagor, and the mortgagee has but a chattel interest. (*Runyan* v. *Mersereau*, 11 Johns. 534.) A deed absolute upon its face can in equity be shown by parol or other extrinsic evidence to have been intended as a mortgage. (*Horn* v. *Keteltas*, 46 N. Y. 605 ; *Strong* v. *Stewart*, 4 Johns. Ch. 167 ; *Clark* v. *Henry*, 2 Cow. 324 ; *Murray* v. *Walker*, 31 N. Y. 399 ; *Hodges* v. *T. M. & F. Ins. Co.*, 4 Seld. 416 ; *Sturtevant* v. *Sturtevant*,

20 N. Y. 39; *Odell* v. *Montross*, 68 id. 499; *Holmes* v. *Grant*, 8 Paige Ch. 243; *Lane* v. *Sears*, 1 Wend. 433; *Freeman* v. *Freeman*, 43 N. Y. 34; *Robinson* v. *Cropsey*, 2 Edw. Ch. 138; 6 Paige, 480.) Oral admissions made by one, who at the time, held the title to the land, to the effect that he had contracted by parol to sell the same to another, and had received the pay therefor, are competent evidence against all persons claiming title under or through him. (*Potts* v. *Wilder*, 1 Comst. 525; *Chadwick* v. *Fonner*, 69 N. Y. 404; *Spaulding* v. *Hallenbeck*, 35 id. 204; *Jackson* v. *Bard*, 4 Johns. 230; *Abeel* v. *Van Gelder*, 36 N. Y. 513; *Vrooman* v. *King*, id. 477; *Rose* v. *Adams*, 22 Hun, 389; *Hackney* v. *Vrooman*, 62 Barb. 650; *Jackson* v. *McCall*, 10 Johns. 377; *Keator* v. *Dimmick*, 46 Barb. 158; *Rose* v. *Adams*, 22 Hun, 389.) Wherever a contract may be proven by parol, the contract may be shown by the admission of the parties under whom the objector claims. (*Keator* v. *Dimmick*, 46 Barb. 158; *Welland Canal Co.* v. *Hathaway*, 8 Wend. 481; *Despard* v. *Wallbridge*, 15 N. Y. 374; *Dobson* v. *Pearce*, 2 Kern. 156; *Horn* v. *Keteltas*, 46 N. Y. 610.) Inadequacy of price is always a strong circumstance in favor of the supposition that a sale of the property was not intended. (4 Wait's Actions and Defenses, 575; *Holmes* v. *Grant*, 8 Paige's Ch. 243.) If the intent is doubtful, it will be construed as a mortgage instead of a conditional sale. (4 Wait's Actions and Defenses, 515; *Sears* v. *Dixon*, 33 Cal. 326; *Russell* v. *Southard*, 12 How. [U. S.] 139.) The value of the premises and the price paid plaintiff's testator are to be taken into consideration. (*Robinson* v. *Cropsey*, 6 Paige, 480.)

RAPALLO, J. This was an action of ejectment to recover possession of certain lands which had been conveyed by the defendant by warranty deed, in fee, to Phineas Hutchins, since deceased, the husband of the plaintiff, and which were devised by him to the plaintiff in fee.

The plaintiff's title is specially set forth in the complaint.

The answer of the defendant averred, in substance, that he

was, at the time of the commencement of the action, the equitable owner, in fee-simple, of the premises described in the complaint, and that the deed to Phineas Hutchins was not intended to be a conveyance of the land, but a mortgage in trust to secure $800, and was given under an express agreement between the defendant and Phineas Hutchins, that the title in fee-simple should remain in the defendant, and that said Phineas, his heirs or assigns, should never ask payment of any part of said amount, and would release and re-convey said land at any time, on the election of the defendant, and the answer demanded judgment that said instrument be discharged of record.

The parties went to trial on the issue thus framed. It appeared in evidence that the land had been conveyed to the defendant by Mary Jane Weeks, by deed dated April 1, 1879, in consideration of $1500, of which $600 was paid in cash and $900 was secured by the bond of the defendant, and a mortgage on the property conveyed. That the defendant afterward by a warranty deed, dated March 11, 1880, and expressing a consideration of $1391, conveyed the same premises to Phineas Hutchins in fee. This deed contained no condition or defeasance.

It further appeared in evidence that $400 of the cash payment of $600 had been furnished by Phineas, and that about April, 1880, Phineas paid to Mrs. Weeks the principal and interest then due upon her bond and mortgage, amounting to $968. As they bore date April 1, 1879, this payment must have been made more than a month after the conveyance from the defendant to Phineas.

Oral evidence was admitted, under exception, of declarations of Phineas to the effect, some of them, that he was going to assist defendant, who was his brother, in paying for the place, to make him a home as long as he lived; others that defendant had bought the place for $1500; that there was $900 back on it and he, Phineas, wanted to pay up the mortgage and take a deed of the place, and that whenever defendant should pay the $900, he, Phineas, was to deed him the place back;

that he hoped defendant would never pay the $900, because he was afraid he would sell it and go wild on it, and he wanted it to be kept as a home for defendant, and if he did not pay up the $900, defendant should have the place as long as he lived. These conversations appear to have taken place before Phineas acquired the title from defendant. Another witness testified to a conversation with Phineas, which took place after Phineas had received the deed, in which Phineas stated that he had taken a deed and paid the mortgage, and that he thought it best that the defendant should stay on the place; that it would make him a home, and if he could not pay for it, it was just as well; that he, Phineas, calculated to make a home for defendant. The defendant was not present at any of these conversations.

It is very questionable whether, under the answer, evidence of an oral agreement that the deed should operate as a mortgage was admissible. Where a deed is given as security, merely, for an indebtedness of the grantor to the grantee, that fact may be proved by oral evidence, but that is an exception to the general rule that the terms of a deed cannot be changed, by oral evidence. It has never been held that a deed can be so far contradicted by parol as to show that it was not intended to operate at all, or that it was the intention or agreement of the parties that the grantee should acquire no rights whatever under it, or that he should re-convey to the grantor on his request without any consideration. Yet this is in effect the purport of the answer. It acknowledged no indebtedness. It used the words that the deed was intended as a mortgage in trust to secure $800, not stating that that sum was due to any one, but this was accompanied with the averment that the agreement under which it was given, was that no part of this sum should ever be demanded, and that the grantee should re-convey to the grantor whenever requested. The averments taken together amount to a defense that the deed was in trust for the benefit of the grantor, or upon an agreement that the grantee should re-convey on request, not stating whether this agree-

ment was or was not in writing, and the defendant avers that he is the equitable owner in fee. .

It may be, that under this answer a written covenant to the. effect set forth might have been proved; but an oral agreement to that effect would have been clearly inadmissible, and evidence of an agreement that the grantee should re-convey on payment of an indebtedness would have been a flat contra-diction of the answer, and therefore not admissible under it, the averment being that the property was to be re-conveyed on request, without any payment, and that no part of the $800 was to be demanded.

This objection, however, was not taken at the trial and consequently the plaintiff is not entitled to the benefit of it here. But as, under the issues as framed, a verdict and judgment for the defendant might perhaps be deemed conclusive in his favor in case the plaintiff should ever attempt to enforce the deed even as a mortgage, it is proper that full consideration should be given to the exceptions which were taken, so that, if sustained, the parties may go to a new trial under amended pleadings and a just result be attained.

The evidence of declarations made by Phineas before he acquired title to the property, as to what he intended or wanted to do when he should acquire it, and his motive in acquiring it, were, we think, inadmissible as against the plaintiff. It is only where the party making the declarations has, at the time of making them, the title to the property, that such declarations bind his successor in interest. We are not referred to any authority holding that declarations made before or after that time have that effect. An actual agreement between him and the party from whom he afterward obtained title might be effectual, but no such agreement was shown. A declaration to a stranger is mere heresay.

The declaration of Phineas after he had taken the deed from defendant, that he calculated to make a home for defendant, and that if he could not pay for it, it was just as well, was not excepted to.

But there was another item of evidence which was excepted

to and which we think was improperly admitted. The defendant was allowed to prove under objection, that Phineas Hutchins was supposed to be worth $15,000, while he testified that he himself was not a man of property. The evidence as to the wealth of Phineas was clearly irrelevant and improper, and cannot be said to have been harmless. " Illegal evidence that would have a tendency to excite the passions, arouse the prejudices, awaken the sympathies or warp or influence the judgment of the jurors in any degree, cannot be considered harmless " (*Anderson* v. *R., W. & O. R. R. Co.*, 54 N. Y. 334) and, as was remarked by LEARNED, J., in his dissenting opinion at General Term in the present case, " nothing could be better fitted to divert the minds of the jury from the true issue than a pathetic contrast between the widow of a rich brother and the poor defendant."

There is also an exception to a portion of the judge's charge which we deem well taken. After charging the jury that the only question for them to decide was, whether the deed from defendant to Phineas was what it purported to be, or was intended as a mortgage, he was requested by the defendant's counsel, as a further and independent proposition, to charge that, " if the plaintiff's testator promised that defendant should have the possession of the property during defendant's life in consideration of a conveyance of the premises by the defendant, and the defendant has kept possession under that agreement from that time to this, and paid the taxes and made valuable improvements on it, on the strength of that, then he is entitled to possession during his life, and this action cannot be maintained."

The judge granted this request, and an exception was taken.

A reservation by parol of a life estate to the grantor, in case of a deed in fee, cannot be sustained on any principle. The proposition was not that the deed was to secure a debt which the defendant should have all his life to pay, but that independently of the question of mortgage the promise of a life estate was valid. This is attempted to be sustained by coupling it with the supposition that, in consideration of and rely-

ing upon such promise, the defendant kept possession and made valuable improvements upon the land, and the case of *Freeman* v. *Freeman* (43 N. Y. 34) is cited as supporting the charge. Assuming, without deciding, that that case is applicable, there is no evidence here that any such improvements were made, and it was erroneous to submit that question to the jury. The defendant testified that after his purchase from Mrs. Weeks he made improvements to the amount of about $100, but these were made before the conveyance to Phineas. After that time, as he testified on his first examination, he made no improvements, but kept the fences up. Being recalled he testified that after the conveyance to Phineas he put up a board fence and set out six pear trees and some raspberry bushes, and cleaned up a piece of the land and kept the buildings good, but, to use his own expression, he had not done " a terrible sight of it." These are not such permanent improvements as would bring the case within *Freeman* v. *Freeman* if it were applicable.

The evidence clearly indicates that Phineas did not intend to make a gift of the place to his brother, and a judgment which would have that result would be highly inequitable. Phineas furnished to defendant $400, which was applied to the first payment, and paid $968 for principal and interest on the mortgage. The consideration in the deed was $1,391, about the amount of the advance and interest, and if the deed was intended as a mortgage, this amount was some indication that that was the sum intended to be secured. The theory of the answer is, that the defendant was to have the farm back for nothing. This theory is entirely inconsistent with the evidence. If the agreement was that the defendant was to have the farm back on payment of the advances made by his brother, or on payment of the $900 mortgage, he ought to have the benefit of that agreement, but if he has embarrassed his case by claiming more than he was entitled to, he should suffer the consequences rather than the plaintiff, who cannot be presumed to have known the arrangement, if any there was, between the brothers.

The judgment should be reversed and a new trial ordered, costs to abide the event.

All concur.

Judgment reversed.