O’Brien, J.
Prior to the year 1873, John Baird, the plaintiff’s, husband and testator, was the owner of the farm which is covered by the two mortgages sought to be foreclosed in these actions. In that year, his two sons, William and James, defendants, went into possession of it, and the father directed the assessors to transfer the assessment on the farm to his sons. They have remained in possession ever since. In October, 1874, the father deeded the-farm to the sons, who took title under these deeds as tenants in common. It appeared that the father had two other farms, all of which had been paid for and improved with the aid of the labor and services of his sons, who had worked for him after their majority. On a settlement between the father and the two sons, it was agreed that he was indebted to them in the sum of $5,000,. and that was the consideration for the conveyance. A deed was-given to each son conveying an individual half of the farm in consideration of $2,500. The evidence tended to show, and the-trial court has found, that the intention was to vest the title in the sons in fee; but it appears that the father had some fears that his sons would not be able to take care of the property thus conveyed and that it might be. lost in speculation or otherwise. Im *313 order to prevent such a result, as he said, he required the sons to give hack to him mortgages for §1,500 each on the farm. No-bond was given, and no actual debt was intended to be secured, and they were not recorded by the father in his lifetime. With respect to the purpose and consideration of these mortgages the testimony tended to show, and the trial court found, that they were-not intended to secure any debt or to be or become a valid subsist ing security, or to be recorded or enforced, and were, in fact, without any consideration whatever. In the year 1875 the wife of John Baird, and mother of the defendants died, and, the year following, he married the plaintiff. He died in 1883, leaving a will, in which the plaintiff was named as executrix. In that capacity she brought actions against each of the sons to foreclose the. mortgages given by them respectively. The complaint was dismissed in each case and the judgments were affirmed at general term. There are two appeals and two records, but both judgments rest on precisely the same facts, and the questions involved in both appeals are identical. Both cases may, therefore, be conveniently .considered and disposed of as one.
The plaintiff’s right to enforce the mortgage is the same and no other than the mortgagee, her husband and testator, had in his-lifetime. She stands in the place of her husband and cannot enforce the instrument unless he could, and every defense that the defendants could urge against the mortgage during the life of the father, they may interpose now against his personal representative. The instruments purport to have been given to secure the payment of money, but it was shown at the trial affirmatively, and found by the trial court, that no debt in fact existed in favor of' the father against either of the sons; that there was no intention to give the mortgage on the one hand, or to hold it on the other, as security for any debt. That in fact there was no legal or equitable consideration moving between the parties and no intention on either side to treat the instruments as binding obligations or as valid subsisting securities. • The evidence upon which these findings were made, if competent, was sufficient and the fact is not open to question or review here.
The findings are based upon the business relations which the parties occupied to each other before the father gave up the possession of the farm to the sons.and then conveyed it to them, taking back the mortgages in question, and upon his subsequent conduct ■ and declarations as to the character of the instruments and the purpose of their execution and delivery. The general principle that an instrument under seal, in the form of a mortgage upon real estate, which upon its face expresses a consideration and purports to have been given as security for a debt may, nevertheless, as between the parties, be shown to have been purely voluntary or ynthout consideration, and so invalid, is not denied. Davis v. Bechstein, 69 N. Y. 440; Hill v. Hoole, 116 id. 229; 26 St. Rep. 657; Briggs v. Langford, 107 N. Y. 680; 12 St. Rep. 461; Thomas on Mort. § 847; Jones on Mort. § 1297.
The point upon which the learned counsel for the plaintiff relies- *314 is that evidence was"not admissible at the trial to wholly contradict and defeat the instruments by showing, contrary to what appeared on their face, that they were intended to have no operation whatever. It is sought to distinguish this case from that of a deed, absolute upon its face, which may be shown to be in fact a mortgage, and from the numerous other cases in which equity permits a party to show that an instrument, appearing upon its face to be of one character, is or ought to be in truth of quite .another character. It is said that the principle upon which these ■cases rest gives no sanction to what was held by the court below in this case, that a party may impeach his deed by showing, not •only that it was without consideration, but that it was intended to have no validity or becoming of any binding force whatever.
The desire on the part of the father to retain some sort of guardianship over the title to the farm which he had conveyed to the defendants" was, perhaps, natural enough under the circumstances, and it is frequently shown in such transactions. That the -rnort.gages were not intended to be held by. him for any other purpose is supported by the circumstances that no bond was given ; that they were not recorded, and no claim was made by the mortgagee -during his life, a period of about nine years that they were in his hands for any other purpose or for the payment of either principal. •or interest though past due. All the circumstances, when considered with the proof of the statements and declarations of the father, were sufficient to warrant the findings of the trial court ‘with respect to the real purpose with which the instruments were made and their true consideration. Holmes v. Roper, 141 N. Y. 67; 56 St. Rep. 596; Lyon v. Richer, 141 N. Y. 225; 56 St. Rep. 804.
The presumption of some consideration that arose from the presence of a seal was overthrown, and we must assume that the instruments were without consideration of any kind. Gray v. Barton, 55 N. Y. 68; Best v. Thiel, 79 id. 15; Torry v. Black, 58 id. 185; Home Ins. Co. v. Watson, 59 id. 395; Dubois v. Hermance, 57 id. 673.
There is no reason that we can perceive for giving to these instruments any greater force or effect than was contemplated by the parties when they were executed and delivered. ■ There is no estoppel or any right which attached in favor of third parties, and we are not aware of any principle which would now require a court of equity to treat these instruments as valid subsisting obli-. gations unless they were intended as such when made, and this is negatived by the findings.
Nor do we perceive any good reason why the real purpose and true consideration and object of the mortgages should not be made to appear when the aid of a court of equity is invoked for their -enforcement. The authority relied upon by the learned counsel for the plaintiff in support of his contention is a remark of Judge Rapallo in the case of Hutchins v. Hutchins, 98 N. Y. 56, in which it was said : “It has never been held that a deed can be so far contradicted by parol as to show that it was not intended to operate at all, or that it was the intention of the agreement of the *315 parties that the grantee should acquire no right whatever under it, ■or that he should reconvey to the grantor on his request without any consideration.”
That remark must be understood with reference to the facts of the case then under consideration, which was the case of a deed ..absolute in form but intended as a mortgage. The defendant’s 'answer was, however, so drawn as to leave room for the construction that he intended to urge that the conveyance was intended to be wholly inoperative, or in trust, or to secure a debt which the ■parties had agreed should never be paid, and it was with reference to this feature of the case that the expression was used. It was ■applicable to the case then under review, but cannot be regarded as authority for the proposition that the defendants in this case are precluded from showing that the mortgages were without any ■consideration in fact, or that they were not intended by any of the parties to have .the effect of incumbering or defeating the title which the father had just conveyed to his sons. The rule which excludes evidence of parol negotiations or conditions, when offered to contradict or substantially vary the legal import of a written -agreement, does not prevent a party to the agreement, in an action between the parties, from showing, by way of defense, the existence of a contemporaneous oral agreement, made at the time the writing was executed and delivered, which would’ render the use of the written instrument, for any purpose contrary to or inconsistent with the oral stipulation, dishonest or fraudulent. Juilliard v. Chaffee, 92 N. Y. 529. The consideration of a written instrument is always open to inquiry, and a party may show that the ■design and object of the agreement was different from what the language, if alone considered, would indicate. Id. Parol evidence may also be given to show that a writing, purporting to be a contract or obligation, was not in fact intended or delivered as such by the parties. Grierson v. Mason, 60 N. Y. 394. So, a conveyance absolute in form- may be shown, as against the heir at law of the grantee, to have been made in trust for the benefit of a partnership firm, of which the grantee was a member, and so held by him in trust for. the firm. Bank v. Grote, 110 N. Y. 12. Ofcourse there may be cases where the rights of innocent third parties intervene to modify or change the rules, as in the case of-negotiable instruments, or where there exists some element of estoppel, but as between the parties to the instrument there is no reason why the truth, with respect to the real object and consideration of the instrument, may not be made to appear. The plaintiff was not entitled to maintain the actions for the foreclosure of the mortgages unless it was fonnd that there was some debt due to her for the payment of which they were the security. The findings are that no debt ever existed, and this is conclusive against the plaintiff’s right of action. In an action to enforce a mortgage -by sale of the land the amount,-if anything, of the lien is an issue which the parties certainly have the right to contest. It is the debt which gives the mortgage vitality as a charge upon the land, and generally where there is no debt or obligation there is no subsisting mortgage. The instruments contain a *316 consideration clause and a seal, and much of what has been said by courts. and writers to the effect that a party cannot be permitted to defeat his own deed by parol proof is based upon the importance which was attachad to the presence of these conditions in an instrument by the common law. The_ conception that some consideration was necessaay to support every-promise and covenant wa£ borrowed from the civil law, but the consideration was formerly deemed to be conclusively established by the presence of the consideration clause or the seal.. It was originally supposed that the recitals and clauses of a contract expressing a consideration could not be varied by parol proof to the contrary, but that rule was gradually abandoned and now that clause is open to parol proof McCrea v. Purmot, 16 Wend. 460; Hebbard v. Haughian, 70 N. Y. 54; Ham v. Van Orden, 84 id 269. So, also, the conclusive presumption of a consideration which formerly arose from the presence of a seal was modified by statute, and it is now open to the maker of such an instrument to allege and prove the absence of any consideration in fact as a defense. 3 R. S. (5th ed.) 691, §§ 77, 78, Code,, § -840.
0. There are, it is true, expressions to be found in some cases to-the effect that while the question of consideration is open to be-varied by p arol proof, yet the party cannot be permitted to claim that a deed or other instrument with a consideration clause or a, seal, or both, is wholly without consideration, and thus entirely defeat it. If this idea is anything more than a somewhat shadowy and fanciful remnant of the ancient law, it is not easy to define its precise scope or practical application when applied to an executory instrument like a mortgage. To say that in a case like this-it is open to the defendant to reduce by parol proof the sum expressed as the consideration to one dollar or. any other nominal sum, but that he cannot go any farther, would be to confess that the distinction, if it exists, is altogether without substance. The: instrument would be defeated in either case. It is quite certain that by recent adjudications deeds and other instruments have .been defeated, in a great variety of cases, by parol proof of want of consideration, or that they were delivered upon conditions which would render their use for any other object a fraud upon the maker, or that the purpose for which delivery was made was different from that indicated upon their face. It will be sufficient to refer to some of the cases without further comment Reynolds v. Robinson, 110 N. Y. 654; 18 St. Rep. 235; Blewitt v. Boorum, 142 N. Y. 357; 59 St. Rep. 27 ; Andrews v. Brewster, 124 N. Y. 433 ; 36 St. Rep. 412. So, also, actions -to foreclose mortgages have been defeated upon allegations and proof differing in no substantial respect from' that appearing in this case. Briggs v Langford, 107 N. Y. 680; 12 St. Rep. 461; Hannan v. Hannan, 123 Mass. 441; Wearse v. Pierce, 24 Pick. 141; Hill v. Hoole, 116 N. Y. 299; 26 St. Rep. 657; Davis v. Bechstein, 69 N. Y. 440; Parkhurst v. Higgins, 38 Hun, 113. There may be cases, no doubt, where the party will be held estopped by his deed from claiming that it is void for want of consideration, especially where *317 by its terms it appears to be an absolute conveyance oí land. Matter of Mitchell, 61 Hun, 372; 41 St. Rep. 131. A voluntary conveyance, intended to take effect as sucli, and not executory, is generally good between the parties without actual consideration, but that principle has no application to this case. It is not quite correct to say that the defendant was permitted to show by parol that these instruments were never to have any operation or effect. They were in fact executed and delivered for a purpose, though .not to secure the payment of money, and they may have accomplished the very object contemplated. That was to protect the defendants against their own improvidence in contracting debts upon the faith of their title to the farm. Whether that purpose was lawful or practicable .or possible or the contrary is quite foreign to the inquiry. It is enough to know that such was the motive and consideration in the minds of all the parties which induced the execution and delivery and no other. Having procured them in that way, it would be unconscionable now for the mortgagee or his personal representative to use or enforce them as obligations for the payment of money.
The defendants had been in possession of the farm under the final contract between them and their father to convey it to them, in consideration of the amount found due upon the settlement, for more than a year before the deeds or mortgages were given. During that time they were in a position to enforce specific performance, and hence the execution and delivery of the mortgages were purely voluntary acts on their part, and constituted, so far as appears, no element of the consideration for the deeds.
The acts and declarations of the mortgagee with respect to the consideration, conditions and purpose under which the instruments were made and delivered, being admissions against his interests, would have been competent proof against him in a suit to enforce the mortgages in his lifetime, and hence are now competent against the plaintiff who represents him. Holmes v. Roper, 141 N. Y 67; 56 St. Rep. 596; Lyon v. Ricker, 141 N. Y. 225; 56 St. Rep. 804; Hobart v. Hobart, 62 N. Y. 80.
We think there was no error in the result and that the judgments should be affirmed, with costs.
Baetlett, J. concurs; Peckham and Geay, XX, concur in the result; Andrews, Oh. X, dissents; Haight, X, not sitting.
Judgments affirmed.