AUSTIN P. GIBBINS et al., Respondents, *v.* JAMES P. CAMPBELL et al., Appellants.

1. CANCELLATION OF MORTGAGE. Where the will of the *cestui que trust* directed the cancellation of a mortgage held by the nominal mortgagee in trust simply, and the mortgage had been assigned, subsequent to the testator's death, to one having knowledge of the facts, *held*, that the mortgagor was entitled to have the mortgage canceled.

2. WILL — BENEFICIARY. A beneficiary under a will, who has taken the benefit of its provisions and accepted bequests in his favor, cannot in equity at the same time repudiate its obligations.

Mem. of decision below, 66 Hun, 631.

(Argued January 22, 1896; decided February 18, 1896.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 12, 1892, which affirmed a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term.

This action was brought to obtain the cancellation of a bond and mortgage.

The facts, so far as material, are stated in the opinion.

*E. Countryman* for appellants. The motion to dismiss the complaint upon the ground that it did not state facts sufficient to constitute a cause of action should have been granted, and the refusal to do so was error. (Pom. Eq. Juris. § 1377; Willard's Eq. Juris. 304; *Town of Venice* v. *Woodruff*, 62 N. Y. 462; *Town of Springport* v. *T. S. Bank*, 75 N. Y. 397.) The bond and mortgage in question were executed and delivered for a valuable consideration, passing from the defendant, Mary E. Gibbins, to the plaintiff, Austin P. Gibbins. (*Town of Springport* v. *T. S. Bank*, 75 N. Y. 407; *Ryerson* v. *Willis*, 81 N. Y. 281.) The motion to dismiss, renewed at the end of defendant's case, should be granted, and the refusal so to do was error. (*G. M. L. Ins. Co.* v. *Reals*, 79 N. Y. 202.) The *laches* of the plaintiffs in beginning their action on the ground of want of consideration is a bar to their relief in equity. (*Alvord* v. *S. S. Bank*, 98 N. Y. 610.)

*William Man* for respondents. There is no technical principle, statute or otherwise, to prevent the inquiry as to the real ownership of the mortgage. (*Davis* v. *Ney*, 125 Mass. 590; *Mabie* v. *Bailey*, 95 N. Y. 206; *In re Carpenter*, 131 N. Y. 86.) There was no ground for compelling plaintiffs to elect between inconsistent causes of action. (*Tuthill* v. *Skidmore*, 124 N. Y. 148; *Kerr* v. *Hays*, 35 N. Y. 331, 336; *Southworth* v. *Bennett*, 58 N. Y. 659; *People* v. *Tweed*, 63 N. Y. 194.)

O'Brien, J. The decree of the courts below requires the defendants to cancel a bond and mortgage of $15,000, dated September 16, 1889, executed by the plaintiff Austin P. Gibbins, to his sister, Mary E. Gibbins, upon the lands described therein. The judgment rests upon the following facts found or proved. On the 12th of October, 1885, the plaintiff's father, Austin Gibbins, purchased the lands covered by the mortgage and paid the consideration, but, for business purposes, took the deed in the name of the plaintiff under an agreement that he would convey to the father, or to such

person as he might name, upon request. On April 22, 1889, the plaintiff, upon his father's request, conveyed to his sister, one of the defendants, but the deed was not recorded. Subsequently, on July 24, 1889, the plaintiff conveyed to his wife, without consideration, and this deed was recorded on the day of its execution. The father immediately commenced an action in the Supreme Court to set aside and annul the last-named deed on the ground that it was in fraud of the agreement, on the part of the son, to convey upon request and in fraud of the deed previously executed but not recorded. In this action the plaintiff's sister and grantee in the first deed was joined as a plaintiff, but the action was compromised and settled on the same day that the mortgage in question was executed. The plaintiff's wife, who had been made a defendant in the action, conveyed to his sister, Mary E. Gibbins, who was a plaintiff in the suit with her father, and Mary E., the same day, conveyed to her brother, the plaintiff, taking back from him the mortgage in question, which, upon its face, purports to have been given for the purchase money. It thus appears that the mortgage originated in the assertion on the part of the father of his equitable ownership of the whole property and his right to control the title, and the trial court found that it was made by the plaintiff at the request of his father, and, for the convenience of the latter, taken in the name of his daughter, and that in fact it belonged to him. It is quite certain that the mortgage had no other origin than the settlement of the suit between the father and the plaintiff, and its inception in the hands of the daughter was either as a trustee for her father, or by way of gift from him. The father died in the month of January, 1890, having on the fifth of that month executed his will which was admitted to probate. The will contains numerous devises and bequests to his children, the plaintiff and Mary E., his daughter. Among other things he directed the latter to complete a building in process of erection on some of the land devised, and the following provision directed the manner in which she was to obtain the funds for that purpose.

" She is to use for such building such money as she may borrow on bond and mortgage thereof, and all other mortgages now held by her for me, except the mortgage on my son Austin P. Gibbins' property in Brooklyn, which I hereby direct to be canceled and discharged, so that he may hold the same free of such mortgage."

In September, 1891, the daughter assigned the mortgage to the defendant Campbell, who had knowledge of the origin of the same and the provisions of the will directing its discharge. He had threatened to proceed to enforce its collection before the commencement of this action in which the plaintiffs demand that he be restrained from so enforcing it and that it be decreed to be canceled. These facts were all shown at the trial by the plaintiff. The defendant gave no proof of any other or different consideration than was shown by the plaintiff, and both he and his assignor stand upon their possession of the bond and mortgage. They are both named in the will as executors. The mortgage represents the interest which Austin Gibbins, the deceased, had in the property originally and which was reclaimed from the plaintiff by the suit to which the daughter, Mary E. Gibbins, was a party. The proof showed that the arrangement which resulted in the deed to the daughter and by her to the plaintiff, as well as the execution and delivery of the bond and mortgage, was made between the plaintiff and his father; and that the purpose of the father in requiring the mortgage was, as he stated, in order to protect the property in case the son should contract debts. The defendant Campbell has no greater right to enforce the mortgage than his assignor, Mary E. Gibbins, in whose name it was taken. There is but one ground upon which she could assert any right to enforce it and that is that her father and the plaintiff intended it as a security for the payment of money to her as a gift from the former. But the evidence and all the circumstances attending the transaction, coupled with the fact that the father undertook to dispose of it by his will, created a presumption against the theory of a gift which made it incumbent upon her or her assignee to

remove. The mere possession of the papers by her or by some one else who stands in her place, is not, under the circumstances, enough to sustain the mortgage upon the theory of a gift. When her father compelled the plaintiff to execute this mortgage to her he could have taken it as a security for the payment of money and could have provided for the payment of the same to her, and then she would hold it as a gift from him. But the circumstances were such as to require her or her assignee to give some proof of such an arrangement. The various steps that led up to the execution and delivery of the instrument and the provisions of the will raised a presumption against its validity which required some proof to remove.

Moreover, Mary E. Gibbins was a beneficiary under her father's will, and, having taken the benefit of its provisions, and accepted the bequests in her favor contained therein, she ought not and cannot be permitted at the same time to repudiate its provisions concerning the mortgage in question, whereby the father asserted his ownership thereof and directed its discharge. She cannot in equity accept the benefits of the will and at the same time disregard the plain intentions of her father with respect to an obligation which he procured from the son in the manner referred to. It follows that her attempt to put the mortgage in circulation by an assignment to the defendant Campbell, after the father's death, was contrary to equity, and the decree of the courts below in directing that it be canceled and discharged was right. (*Baird* v. *Baird*, 145 N. Y. 659.)

The judgment should, therefore, be affirmed, with costs.

All concur, except ANDREWS, Ch. J., not voting.

Judgment affirmed.