HUBER et al. v. CASE et al.

(Supreme Court, Appellate Division, Second Department. April 15, 1904.)

1. WILLS—REAL ESTATE—POWER OF SALE—PERFORMANCE.

A deed executed by the widow, surviving children, and executors of a deceased partner, conveying decedent's interest in certain real estate held by the partners in common to the surviving partner in consideration of his conveying to decedent's sons shares in the real estate which had been set off to them in the division, was not an exercise of a power of sale contained in decedent's will, authorizing his executors to sell his real estate "either for cash or part on bond and mortgage, as they might deem advisable."

2. SAME—RIGHTS OF HEIRS.

Where, by the terms of the will of a deceased partner, his executors were directed to divide the estate into three equal shares, to pay the widow during life in lieu of dower the income of one share, the principal on her death to be equally divided among his children, "the issue of any deceased child or children to take the share which his, her, or their parent would have been entitled to if living," a conveyance by the widow, the executors, and decedent's then surviving children of real estate which deceased held in common with his surviving partner, to such partner, did not operate to convey a fee, since it could not dispose of the future rights of issue of the testator's children, in whom interests might vest at the death of the widow after the death during her lifetime of their parent.

3. PARTNERSHIP REAL ESTATE—CONVERSION.

In the absence of an agreement between partners to the contrary, partnership real estate is to be deemed changed into personalty in equity only to the extent necessary for the purposes of partnership equities, and its general character as realty continues between the partners and between a surviving partner and the real and personal representatives of a deceased partner, except that each share is impressed with an implied trust for the performance of partnership obligations.

4. SAME—DECLARATIONS.

Where the will of a deceased partner devised partnership real estate, as realty, in the absence of an adjudication that certain of such realty conveyed by testator's representatives had been converted into personalty, recorded declarations that such real estate had been purchased with partnership funds, and was treated by both partners as personalty, was not competent proof of such fact as against subsequent claimants thereof under the will.

5. SAME—JUDICIAL SALES—TITLE.

A purchaser of real estate under mortgage foreclosure will not be compelled to perform where the title depends on questions of fact which must be proved by parol evidence.

Appeal from Special Term, Kings County.

Suit by Helen Huber and others, as executors of the estate of Otto Huber, deceased, against Franklin B. Case, Jr., and others. From an order denying a motion to vacate an order granting the motion of William H. D'Esterre to be relieved from his purchase of certain premises sold under mortgage foreclosure, plaintiffs appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Hugo Hirsh, for appellants.

James P. Judge, for respondent.

HIRSCHBERG, P. J. By the order appealed from the court refused to vacate a prior order granted in this action, by which the pur-

chaser at a sale of real estate had under a judgment of foreclosure is relieved from his purchase for the reason that the title to the premises is not regarded as good and marketable. The property was conveyed by deed to Cornelius C. Poillon and Richard Poillon as tenants in common on April 4, 1870. Cornelius C. Poillon died on July 11, 1881, leaving a widow and five children, and leaving a will, by which his executors were given a power of sale of his real and personal estate, "either for cash, or part on bond and mortgage, as they may, in their discretion, deem advisable." The will was admitted to probate July 28, 1881. By the terms of the will the executors were directed to divide the estate into three equal shares, to pay to the widow during life in lieu of dower the income of one of the shares, the principal of such share being devised and bequeathed upon her death to his children, to be divided equally among them, "the issue of any deceased child or children to take the share which his, her, or their parent would have been entitled to if living." On February 1, 1882, the widow of Cornelius C. Poillon, his then surviving children, and the executors executed and delivered to Richard Poillon a deed which recites that "whereas, the said Cornelius Poillon (lately deceased), and the said Richard Poillon, party hereto of the fourth part, were heretofore in the lifetime of the said Cornelius seised as tenants in common of the real estate hereinafter described, with other property, and the parties hereto have arranged a division of all said real estate held in common, whereby the property hereinafter described belonging to the said party of the fourth part and the said party of the first part accepts the provision made for her by the will of said Cornelius Poillon, deceased, in lieu of her dower in his real estate," and in consideration thereof, and of the conveyance by Richard Poillon to the sons of the deceased of the shares in the real estate which had been set off to them in the division, grants and conveys to him the premises in question. Richard Poillon died on July 14, 1891, but the widow of Cornelius C. is still living.

The title of the purchaser would apparently depend upon the sufficiency of this deed to convey in fee the interest of the decedent and his heirs. It cannot be regarded as a proper exercise of the power of sale conferred by the will, for no sale has taken place within the meaning and intent of that provision, and as a conveyance of the interests of the heirs it is subject to the obvious objection that it cannot dispose of the future rights of issue of the testator's children in whom interests may vest at the death of the widow after the death during her lifetime of their parent. The shares of the children, even if vested, are still subject to be divested on the contingency suggested. Lyons v. Ostrander, 167 N. Y. 135, 60 N. E. 334. The plaintiffs meet the objection by the assertion that the real estate in question is partnership property, having been purchased with partnership funds by Cornelius C. Poillon and Richard Poillon, as members of the firm of C. & R. Poillon, and consequently is to be treated as personal estate. This assertion was contained in an affidavit made by one of the executors of the deceased on the motion made by the purchaser to be relieved of his purchase, and after the order was made granting such relief formal declarations to the effect that the property was partnership property

were executed, acknowledged, and recorded by the surviving executor of Richard Poillon and the widow, executors, and surviving children of Cornelius C. Poillon; and thereupon the motion to vacate the prior order was made, which second motion resulted in the order appealed from.

In the absence of an agreement, express or implied, between the partners to the contrary, partnership real estate is to be deemed in equity as changed into personalty only to the extent necessary for the purposes of partnership equities; and its general character as realty continues with all the incidents of that species of property between the partners themselves, and also between a surviving partner and the real and personal representatives of a deceased partner, except that each share is impressed with an implied trust for the performance of partnership obligations. Darrow v. Calkins, 154 N. Y. 503, 49 N. E. 61, 48 L. R. A. 299, 61 Am. St. Rep. 637. Assuming, however, that the affidavit and declarations referred to tend to establish an "out and out" conversion of the realty into personalty, there is no adjudication to that effect which would be binding upon a future claimant under the will of Cornelius C. Poillon. The declarations referred to would not be competent evidence against such claimant. Hutchins v. Hutchins, 98 N. Y. 56; Williams v. Williams, 142 N. Y. 156, 36 N. E. 1053. The purchaser or his grantees would be compelled to resort to parol proof in the defense of their title if assailed, and it is settled that when the title to real property depends upon questions of fact, and resort must be had to parol evidence, a purchaser will not be compelled to perform his contract. Irving v. Campbell, 121 N. Y. 353, 24 N. E. 821, 8 L. R. A. 620; Holly v. Hirsch, 135 N. Y. 590, 32 N. E. 709; Heller v. Cohen, 154 N. Y. 299, 48 N. E. 527. The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.