WELCH v. GRAHAM et al.

(Supreme Court, Trial Term, Wayne County.   September 23, 1910.)

1. MORTGAGES (§ 25*)—CONSIDERATION.
   There is no sufficient consideration for a mortgage and the bond secured thereby, where the transaction was intended merely as a gift by a father to his daughter, of age, married, and living apart from him with her husband, and it was not intended he should be called on to pay it or any interest during his life.
   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 29–32; Dec. Dig. § 25.*]

2. ESTOPPEL (§ 83*)—DENIAL OF VALIDITY OF MORTGAGE.
   A mortgagor is not estopped to deny validity of a mortgage merely by indorsing notes of the mortgagee for renewal at a bank, after knowing the bank held the mortgage by assignment; he having previously informed the bank that it was invalid.
   [Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 228; Dec. Dig. § 83.*]

3. JUDGMENT (§ 204*)—RELIEF NOT SUGGESTED TILL AFTER TRIAL.
   Plaintiff a second assignee of mortgage may not in an action to foreclose it, on the mortgage and bond secured being held invalid, have a personal judgment against the mortgagor and mortgagee, on the theory of subrogation to the rights of the first assignee, on notes of the mortgagee to it indorsed by the mortgagor, right to such a judgment not having been suggested during the trial, but only in plaintiff's brief submitted after the trial.
   [Ed. Note.—For other cases, see Judgment, Dec. Dig. § 204.*]

4. COSTS (§ 51*)—AMENDMENT OF PLEADING.
   A defendant in an action to foreclose a mortgage holding another mortgage on the property which the original complaint seeks to have adjudged inferior to that of plaintiff, having appeared by attorney and answered, is entitled to taxable costs accruing prior to plaintiff subsequently serving an amended complaint admitting the priority of his mortgage.
   [Ed. Note.—For other cases, see Costs, Dec. Dig. § 51.*]

Action by Joseph J. Welch against Archibald M. Graham and others to foreclose a mortgage. Judgment for defendants.

Edson W. Hamn, Esq., for plaintiff.
Jefferson W. Hoag, for defendant Graham.
De L. Stow, for defendant Moore.

FOOTE, J. At the time the bond and mortgage in suit were executed the mortgagor was not indebted to the mortgagee, who was his daughter. He was not under any legal obligation to support her, as she was then of full age, married, and living with her husband in the city of Rochester, while the mortgagor resided in the village of Clyde. The evidence clearly shows that the transaction was intended to be in the nature of a gift by the father to his married daughter of the amount for which this mortgage was made, and that it was not expected or intended that the father would be called upon to pay the mortgage or any interest thereon during his life time. There was therefore no consideration such as was necessary to give validity to a

bond and mortgage in the hands of the mortgagee. Matter of James, 78 Hun, 121, 28 N. Y. Supp. 992, affirmed 146 N. Y. 78, 40 N. E. 876, 48 Am. St. Rep. 774; Baird v. Baird, 145 N. Y. 659, 40 N. E. 222, 28 L. R. A. 375.

The plaintiff relies upon the cases of Bucklin v. Bucklin, 1 Abb. Dec. 242; Van Amburgh v. Kramer, 16 Hun, 205. In the case of Bucklin v. Bucklin it appeared that the mortgagor, William Bucklin, Sr., and his wife, Esther, previous to executing the mortgage, had separated, and she had filed a bill in chancery for a judicial separation on the ground of cruel treatment, and in the bill she prayed that he might be compelled to maintain her and that the custody of their infant daughter Olive E. might be awarded to her. In order to compromise the controversy and stay the prosecution of the suit, the husband, William Bucklin, Sr., agreed to make provision for the support of his wife and infant together, separate from himself, and to convey a house and lot to the child within six months. To effect this settlement, the mortgage in suit was executed to Vedder Green and was expressed to be made to him in trust for the wife and infant daughter, and to secure the performance of the agreement of the mortgagor, by which he agreed within six months to convey to the daughter Olive E. real estate to the value of $1,000, and to permit his wife to occupy the same without molestation, and pay his wife $300 annually during their joint life and to permit his wife to have the custody and management of his daughter, Olive, without interference, the mortgage recited that it was given to Green in trust for the benefit of Esther Bucklin and her infant daughter, Olive Esther Bucklin, and in case the above conditions on the part of the mortgagor, or any of them, should be broken, and it should at any time be necessary to enforce the mortgage, the amount that should be recovered on said mortgage should be recovered for the benefit of said Esther and her infant daughter, or the survivor of them. This mortgage was made in 1836, when Olive was three years of age. The trustee and the husband and wife having died, in 1857, the daughter coming of age, procured an order appointing her to enforce the trust and bring an action in her own name. The defendants were the heirs of the mortgagor in possession.

Clearly, this mortgage was not without valid consideration, and it might well be treated as an executed transaction, inasmuch as it was delivered to a trustee who assumed thereby certain obligations in his cestui que trust which were enforceable in law. The separation agreement to secure the performance of which the mortgage was made was legal, valid, and obligatory upon the parties. Galusha v. Galusha, 116 N. Y. 635, 22 N. E. 1114, 6 L. R. A. 487, 15 Am. St. Rep. 453.

The mortgage was therefore not without consideration, and the payments and transfers for which it provides were not in the nature of gifts. Moreover, the father was under a legal as well as a moral obligation to support his infant child, and the mortgage made provision for such support. But, whatever view may be taken of this case in so far as it appears to be in conflict with the rulings of the court of last resort in Baird v. Baird and Matter of James, it must be deemed to have been overruled by those cases and the cases cited in

support of the judgments therein rendered, although it is not referred to in the opinions in those cases. In the case of Van Amburgh v. Kramer, there was no finding that the bond and mortgage were without consideration. The referee expressly refused to so find, and, as the sale was presumptive evidence of consideration, the case was properly disposed of upon that ground.

The defendant Graham is not estopped to deny the validity of the bond and mortgage in suit. He is not shown to have done any act or to have. made any statement upon the faith of which the plaintiff, or any former holder, acted to his prejudice in advancing money upon the security of the mortgage. The indorsement by Graham of the notes of the mortgagee for renewal at the National Bank of Commerce after he knew that the bank held this mortgage was not an affirmance upon his part of the validity of the mortgage. Indeed, he had already informed the bank that the mortgage was invalid.

Plaintiff asks, in case his mortgage is pronounced invalid, to be subrogated to the rights of the National Bank of Commerce and to be permitted to recover the sum of $2,946.10, which the plaintiff paid to that bank. This recovery is asked against both the defendant Archibald M. Graham and his daughter, the defendant Louise G. Simpson, on account of their supposed liability to the National Bank of Commerce on the promissory notes of Mrs. Simpson endorsed by the defendant Graham.

The notion that the plaintiff can have a money judgment, notwithstanding the invalidity of the mortgage, on the theory of equitable subrogation to the rights and position of the National Bank of Commerce because plaintiff's money was used to pay that bank, was first suggested in the brief of plaintiff's counsel submitted since the trial. It was not suggested during the progress of the trial, and hence defendants were not called upon to give additional evidence pertinent to that question, if any they had. For this reason alone, it would seem to be unfair to defendants to undertake to convert this action now into one for equitable subrogation. The liability of the defendant Archibald M. Graham upon some and perhaps all of the notes of his daughter, the defendant Simpson, held by the National Bank of Commerce, was that of an indorser. The extent to which this liability had become fixed by protest or waiver of protest must be investigated before defendant Graham can be held to be now liable upon that paper. Moreover, as to the defendant Archibald M. Graham, plaintiff paid the National Bank of Commerce as a mere volunteer. He was not a surety for the debt. He did not pay to protect any property right of his own or upon the request of defendant Graham. Under these circumstances, it is at least doubtful whether the plaintiff has any right of subrogation against the defendant Graham. Koehler v. Hughes, 148 N. Y. 507, 42 N. E. 1051; Acer v. Hotchkiss, 97 N. Y. 395. Without determining this question, however, I think plaintiff should be left to an independent action for that purpose, in case he is so advised.

Defendant Newton G. Moore holds a mortgage made by defendant Archibald M. Graham for $800 on the same premises, subsequent in date, but recorded prior to plaintiff's mortgage, and in the original

complaint plaintiff sought to have it adjudged that his mortgage was prior, in fact, to that of defendant Moore. Defendant Moore appeared by attorney and answered the complaint, and subsequently, before the trial, plaintiff served upon Moore's attorney an amended complaint admitting the priority of the Moore mortgage. Under these circumstances, I think defendant Moore should recover of plaintiff taxable costs which accrued prior to the service of the amended complaint.

I think, however, that no costs should be awarded against plaintiff in favor of any of the other defendants.

Defendant Archibald M. Graham is entitled to judgment dismissing the plaintiff's complaint without costs and adjudging that the bond and mortgage described in the complaint are invalid for want of consideration, and that said mortgage be canceled and discharged of record.