NIVER *vs.* BEST, executor, &c.

Where property is sold for the purpose of defrauding creditors, and a promissory note taken to secure the payment of the consideration money, the contract being illegal and void, no action will lie by the payee to recover on such note.

Where such a contract has been *executed*, it is binding upon the parties, though void as to creditors; and no action will lie by one party against the other to recover back money paid, or property delivered, under such contract. But where such contract is executory, the law will neither enforce its performance, nor give damages for a breach of it.

And though such note is given subsequently, yet if there be no new consideration, and it be made either in pursuance of the original fraudulent agreement, or in furtherance of its object, it will still be void.

It will not validate such note to include in it a sum honestly due, and growing out of a different transaction. Where part is void the whole is void; and the party must sue on the original consideration, to recover for such indebtedness.

THIS was an action brought to recover on a promissory note of which the following is a copy: " $1600. On demand, for value received, I promise to pay John A. Dedrick or bearer, at my house, sixteen hundred dollars with interest. Kinderhook, April 14, 1846.

|  |  |
|---|---|
| Witness, Milton H. Dedrick. | his<br>JOHN ⋈ DEDRICK."<br>mark. |

The note was transferred by the payee to the plaintiff in July, 1848. It was made under the following circumstances : About a year previous, John A. Dedrick being involved in debt, and fearing that some property he owned, called the mill property, might be sold, executed and delivered to John Dedrick, a bond and mortgage on said property for the payment of $1600. Such bond and mortgage were without consideration, and were executed solely for the purpose of protecting John A. Dedrick against creditors ; and at the time they were executed, John A. Dedrick took from John Dedrick a writing, stating that they were without consideration, and made solely for the purpose of defeating creditors. Afterwards, John A. Dedrick sold the mill

property to Arnold for $3600, and John Dedrick received from Arnold $1300 on said bond and mortgage; that being the amount left, after satisfying the prior mortgages.

At the time the note was given, John A Dedrick and John Dedrick settled, when it was found the latter owed the former about $1900, *including* said $1300. The balance of the $1900 was for money and property received from the former. The writing John A. Dedrick held, executed at the same time with the bond and mortgage, was then given up, and the note made and delivered, and the balance, $300, soon after paid in money. No demand was made, of payment, at the house of John Dedrick, till after the note was transferred to the plaintiff.

The cause was tried at the Columbia circuit, in January, 1850, before Justice Watson, who nonsuited the plaintiff, on the ground that the consideration of the note was illegal and fraudulent, and that such defense was admissible, against the plaintiff. The plaintiff thereupon appealed.

*G. W. Bulkley*, for the plaintiff.

*J. H. Reynolds* for the defendant.

*By the Court*, PARKER, J. Since the decisions of the supreme court and the late court for the correction of errors, in *Nellis* v. *Clark*, (20 *Wend.* 24; 4 *Hill*, 424,) it has been regarded as established law in this state, that when property is sold for the purpose of defrauding creditors, no action by the payee will lie on a note given to secure the payment of the consideration money. Such contract is illegal and void by statute and at common law. When it is *executed*, it is binding upon the parties, though void as to creditors; and no action lies by one party against the other to recover back money paid, or property delivered under such a contract. When it is *executory*, the law will not enforce its performance, nor give damages for a breach of it. *Ex turpi contractu non oritur actio.* In both cases the law leaves the parties to the fraud where it finds them, and applies the maxim, *potior est conditio defendentis.*

The note in suit was not made until about three years after

the execution of the bond and mortgage ; and it is claimed that this lapse of time, the delivering up of the first writing and taking the note in its place, and including in it about $300 of other indebtedness, gave the transaction such a new character as will support it, notwithstanding the illegality of the previous arrangement. But here was no new consideration. The $1300 was included in the note, if not in pursuance of the previous agreement, at least in furtherance of its object. It was the intention of the parties by executing the mortgage, to save to John A. Dedrick the avails of the mortgage, instead of giving the money or property to his creditors. This could be done only in two ways. We must suppose that John Dedrick was, in due time to cancel the bond and mortgage, or to receive the money on it, and pay it over to John A. Dedrick. He received the money, and promised by the note to pay it over. To compel him to keep that promise, or to pay for its violation, would be to recognize as valid, the original illegal and fraudulent contract. It is only when there is a new consideration, and where the agreement sought to be enforced, is not a part of, or a necessary or natural consequence of the prior illegal contract, that the court will sustain an action upon it. Such a distinction will be found to have existed in *Hamilton* v. *Canfield*, (2 *Hall's Rep.* 526,) and the other cases relied on by the plaintiff's counsel. (*Armstrong* v. *Toler*, 11 *Wheat.* 258, *and cases there cited.*)

It did not validate the note to include in it $300 of honest indebtedness. On the contrary, the rule of law is, that where part of one entire contract is void, the whole is void. (*Crawford* v. *Morrell*, 8 *John.* 253. *Van Alstyne* v. *Wimple*, 5 *Cowen*, 162. *Story on Prom. Notes*, 209, § 190. *Robinson* v. *Bland*, 2 *Burr.* 1077. *Bayley on Bills*, 514. *Scott* v. *Gilmer*, 3 *Taunt.* 226. *Chit. on Bills*, 114. 5 *Barr*, 542. 5 *New Hamp. Rep.* 196. 6 *Id.* 225.) John A. Dedrick can still sue for the original consideration of the $300 included in the note, but the plaintiff has no legal claim for it.

I think the defense was admissible against the plaintiff. Two years and three months had elapsed, after the note was made, before it was transferred to the plaintiff. After so great

a lapse of time the plaintiff was bound to consider it, when he took it, as over due and dishonored paper, and subject to any defense that existed between the original parties. (*Van Hoesen* v. *Van Alstyne*, 3 *Wend.* 75. *Chit. on Bills*, 412. 2 *Caines*, 369. 7 *John.* 70. 3 *Term Rep.* 80. 1 *Cowen*, 397. 13 *Mass. Rep.* 131. 3 *Cowen*, 662. 10 *Wend.* 304.)

I think the justice decided correctly at the circuit, and that the judgment should be affirmed.

---

SAME TERM.    *Before the same Justices.*