ARBA BRIGGS, Appellant, *v.* JOHN LANGFORD *et al.,* Respondents.

*Court of Appeals, December* 20, 1887.

Reversing same case, 35 Hun, 667, Mem.

*Mortgage. Want of consideration. Evidence.*—The defense of want of consideration is equally available, in favor of a grantee of the mortgagor who paid full value, against the assignee of a mortgage as against the mortgagee, though a *bona fide* purchaser; and evidence on the part of the grantee to prove that the mortgage was given for the purpose of defrauding the mortgagor's creditors, and upon no other consideration, is admissible.

Action to restrain the foreclosure by advertisement of a mortgage assigned to defendant.

Appeal from a judgment of the general term of the supreme court, affirming a judgment entered upon the report of a referee, dismissing the complaint upon the merits.

*Wm. H. Henderson,* for appellant.

*Worthington Frothingham,* for respondent.

ANDREWS, J.—We think that the trial court erred in overruling the offer of the plaintiff to prove that the mortgage was given for the purpose of defrauding the creditors of the mortgagor and upon no other consideration. The plaintiff paid the full value of the land upon the assurance of Day that it was free from incumbrances. Day is dead

and his estate is insolvent, and there is no available remedy on the covenants in the deed. If the mortgage was without consideration it could not be enforced against Day, although it was given to cover up his property and defraud his creditors. Wearse v. Peirce, 24 Pick. 141.

The defense of want of consideration is equally available against Langford, the assignee of the mortgage, as against Heath, the mortgagee, for he stands in respect to the security in place of his assignor, and even if he is a *bona fide* purchaser, he is not exempt from the defense of want of consideration. Jones on Mortgages, § 843, and cases cited ; Bush v. Lathrop, 22 N. Y. 535.

The plaintiff occupies a position quite as favorable at least as that of the mortgagor. He paid the full value of the land, and upon the plainest principles of justice he is entitled to assail the validity of any pretended liens thereon. Upon the facts found it is difficult to resist the suspicion that this is an attempt to enforce a void mortgage, and under cover of pretended transfers and assignments, to consummate a fraud upon the plaintiff. It is a case where all possible light should be thrown on the transaction.

The judgment should be reversed and a new trial granted.

All concur, except RAPALLO, J., absent.