William H. Hill, Appellant, *v.* Grace Hoole et al., Respondents.

The assignee of a mortgage takes it subject to all the defenses, legal and equitable, which the mortgagor has against the enforcement of it by the assignor at the time of the assignment.

Want of consideration is, therefore, a good defense in an action brought by an assignee to foreclose a mortgage; and this is so, at least where the assignee fails to establish that he purchased in good faith and for value, although the mortgage was given in fraud of the creditors of the mortgagor.

*It seems* the rule would be the same even were those facts established.

(Argued June 27, 1889, decided October 8, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made October 5, 1886, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term.

This action was brought to foreclose two mortgages upon land of which defendant, Grace Hoole, had the legal title; and she alone defended.

One of the mortgages was made by James Cook, in April, 1857, to secure the payment of $3,000. To the cause of action upon this, the defendant pleaded payment and the statute of limitations. The other one was executed by the defendant upon the same premises, in August, 1877, to William E. Hoole, and by its terms appeared to have been made to secure the payment of $4,500, according to the condition of a bond of even date with it, also executed by the defendant, who by way of .defense put in issue the allegations that she made and delivered this bond and mortgage, and alleged that it was without consideration. The plaintiff was assignee of both mortgages.

*Uriah W. Tompkins* for appellant. The law presumes a delivery from the fact that the instrument was found upon record duly acknowledged; that fact was *prima facie* evidence of its delivery. (*Lawrence* v. *Farley*, 24 Hun, 293; *Munoz* v. *Wilson*, 111 N. Y. 304.) The assumption by the mortgagee, William E. Hoole, of an indebtedness or liability of the mortgagor was a good consideration for the mortgage. (*Sanders* v. *Gillespie*, 59 N. Y. 250; *Sands* v. *Crooke*, 46 id. 564; *Bohen* v. *Goldstein*, 53 id. 634; *Seymour* v. *Wilson*, 19 id. 421; *William* v. *Shelly*, 37 id. 375; *Lawrence* v. *Fox*, 20 id. 268; *Roberts* v. *Cobb*, 31 Hun, 150; *White* v. *Baxter*, 71 N. Y. 254, 261; *Ainsworth* v. *Backus*, 5 Hun, 415.) A fraudulent transfer is binding upon the grantor. (*Malin* v. *Gransy*, 16 Johns. 189; *Saunders* v. *Cadwell*, 1 Cow. 622; *Caldwell* v. *King*. 4 id. 207; *Renfrew* v. *McDonald*, 11 Hun, 254; *Simpson* v. *Del Hoyo*, 94 N. Y. 189; *Murphy* v.

*Briggs*, 89 id. 446; *Zoeller* v. *Riley*, 100 id. 102; *Starin* v. *Kelly*, 88 id. 418.)

*Edward G. Black* for respondent. The defense of non-execution was sustained by the testimony of the defendant as a witness in her own behalf. (*Albany City Sav. Inst.* v. *Burdick*, 87 N. Y. 48; *Mechanics' Bk.* v. *N. Y. & N. H. R. R. Co.*, 13 id. 599.) The defense of want of consideration in the $4,500 mortgage is fully sustained by the evidence. (*McCabe* v. *Drayton*, 38 N. Y. 196; *Thompson* v. *Blanchard*, 4 id. 302.) William E. Hoole could not maintain an action of foreclosure on this mortgage, nor can his assignee. (*Briggs* v. *Longford*, 107 N. Y. 680; *Bennett* v. *Bates*, 94 id. 363.) It is not open to the plaintiff to now claim that the presumption arising from the use of a seal was not sufficiently rebutted. (*Best* v. *Theil*, 79 N. Y. 15; *Railway Co.* v. *McCarthy*, 96 U. S. 267.) William H. Hill, the assignee of Mrs. Hoole's mortgage, has no superior equity to Mrs. Hoole, who signed the mortgage, believing it to be a deed. ( *Westfall* v. *Jones*, 23 Barb. 9.; *Briggs* v. *Longford*, 107 N. Y. 680.)

BRADLEY, J. The alleged cause of action upon the Cook mortgage, appeared to have been barred by the statute of limitations, and requires no consideration. The main controversy on the trial had relation to the validity of the other bond and mortgage for $4,500, executed by the defendant to her son, William E. Hoole, in August, 1877, and by him assigned to the plaintiff in November, and again assigned to him in December of the same year. The trial court found that the defendant received no consideration for the bond and mortgage other than one dollar, and, as conclusion of law, that she received no consideration for them; and that the bond and mortgage never had any valid inception. The plaintiff excepted to such finding and conclusions, and to the refusal of the court to find as requested upon that subject. There was some evidence tending to prove that there was a consideration arising out of an undertaking, which it was

claimed the mortgagee assumed, in respect to some indorsements the defendant had made of certain notes. The most that can be said of the evidence on that subject is, that it was in conflict, and presented a question of fact, which was conclusively disposed of in the court below. No modification of that view is permitted by the fact that the mortgagee had on some former occasion given evidence in that respect, which differed from that given by him upon the trial of this action. The measure of credibility to which his evidence was entitled, cannot be considered on this review. The conclusion was warranted that the bond and mortgage were made without consideration ; that they were made under a misapprehension that they were such, and, therefore that they were not made to enable the mortgagee to make use of them by assignment. The proposition is well established that the assignee of a mortgage takes it subject to all the defenses, legal and equitable, which the mortgagor has against the enforcement of it by the assignor at the time of the assignment. (*Bush* v. *Lathrop*, 22 N. Y. 535 ; *Greene* v. *Warnick*, 64 id. 220 ; *Bennett* v. *Bates*, 94 id. 354, 363.)

Upon the assumption, therefore, that there was nothing in the way of making available the defense, founded upon a want of consideration, the conclusion of the trial court directing judgment for the defendant may be sustained. (*Briggs* v. *Langford*, 107 N. Y. 680.)

It is, however, urged that the defendant having placed this bond and mortgage in the possession of the mortgagee, and enabled him to obtain value from the plaintiff upon them, is estopped from asserting the want of consideration as a defense.

There is no finding of the circumstances or consideration of the assignment to the plaintiff. The court found that the plaintiff claimed that the assignment was taken by him as collateral security for a loan of $2,500, then made by him to the assignor. The plaintiff so testified. The court was not requested to find that precise fact, but was requested, and refused to find, that at the time of the assignment of the bond

and mortgage the "plaintiff paid said William E. Hoole, therefor the sum of $2,500, and subsequently advanced him other sums of money." If that fact may be deemed material for any purpose, the court was not required upon the evidence to find it. The interest of the plaintiff in the controversy presented a question of credibility as to that given by him, and what the evidence of the assignor, given in another case, was, did not necessarily establish any fact in this one. There is no finding that the plaintiff was an assignee in good faith. This situation presented by the record may not have any essential importance in the considerstion of the question presented, although the basis of the proposition as urged, is that the plaintiff was a *bona fide* assignee of the mortgage.

The doctrine of the cases upon which the plaintiff's counsel seems to rely to support his proposition, that the want of consideration cannot be available as a defense, is not applicable to the present case. The disability, within the rule referred to, arises out of the fact that the party so estopped has vested the apparent title to property in another, who has transferred it or given a mortgage upon it to a party taking it upon the faith of such apparent title. In such case the mortgagee or his or any assignee, is not required to extend his inquiry back beyond the mortgagor to ascertain whether the security is valid in its inception. (*Simpson* v. *Del Hoyo*, 94 N. Y. 189; *Zoeller* v. *Riley*, 100 id. 102; *Murphy* v. *Briggs*, 89 id. 446.) If the defendant in the case at bar had conveyed the land to her son, and he had made a mortgage upon it to the plaintiff, a different question would have been presented than that which is now here. The defendant is the mortgagor, and the assignment of the mortgage was taken by the plaintiff subject to all the equities existing between her and the mortgagee.

The trial court found that the bond and mortgage were obtained by the mortgagee for the purpose of preventing a party named "from collecting an expected deficiency in a foreclosure suit of a mortgage on certain other property." In view of this fact, it is contended that the want of consider-

ation is not any defense in behalf of the defendant, for the reason that the defendant's mortgage was made with a fraudulent design. It may be assumed that it was so made, and that neither party to it could obtain affirmative relief upon or from it. That situation does not deny to the mortgagor the right to establish its invalidity by way of defense, especially as against any other than a *bona fide* assignee. (*Nellis* v. *Clark*, 20 Wend. 24 ; 4 Hill, 424 ; *Moseley* v. *Moseley*, 15 N. Y. 335 ; *Niver* v. *Best*, 10 Barb. 369 ; *Briggs* v. *Merrill*, 58 id. 389.) If the question of the good faith of the plaintiff as assignee, and for value, would have been of any aid to him in support of his action, it was for him to show such relation in such manner as to cause or require a finding by the court to that effect. (*Starin* v. *Kelly*, 88 N. Y. 418.) As before suggested, no such fact is found, and no question of law is presented in that respect upon this review.

But it is by no means clear that such fact, if it had been found, would have been of any avail against the defense. As held in *Westfall* v. *Jones* (23 Barb. 9), it would not. There it was determined that a defense, under like circumstances came within the rule that a mortgage is taken by an assignee subject to all the defenses existing as between the original parties to it. So far as observed, that case does not appear to have been questioned by any later adjudicated case. And for the purposes of the present one, it is unnecessary to give the question any further consideration. There are some other exceptions taken to refusals to find and to conclusions of fact and law as found by the trial court, but the view taken upon the question renders their consideration unnecessary.

The judgment should be affirmed.

All concur, except, BROWN, J., not sitting.

Judgment affirmed.