FRENCH *v.* STEVENSON *et al.*

(*Supreme Court, General Term, Fifth Department.* June 20, 1890.)

ASSIGNMENT—RIGHTS OF ASSIGNEE—ESTOPPEL.

> The administrators agreed with a mortgage creditor of decedent not to bid against him at the foreclosure sale of decedent's land, provided the mortgagee would discharge certain judgments which he held against the estate. This agreement was executed by the administrators, and the mortgagee bought in the land for less than his debt, though it was easily worth that and the judgments. Prior to this agreement the mortgagee had assigned without consideration the judgments to his wife. *Held,* that she could not enforce them against the estate, as she occupied no better position than her assignor.

Appeal from special term, Cayuga county.

Action by Mary F. French against the administrators of the estate of William Ross to collect two judgments against decedent. The claims were disallowed, and plaintiff appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*W. H. Kenyon,* for appellant.    *W. E. & F. E. Hughitt,* for respondents.

CORLETT, J. On the 1st day of April, 1870, William Ross purchased a farm of 214 acres in the town of Montezuma, Cayuga county, for the sum of $20,-

230. He died in the month of September, 1887. Letters of administration were granted to the defendants, who duly qualified. At the time of the decease of Ross, the farm was incumbered by mortgages and judgments to the amount of about $10,000. One of the judgments was recovered by Nelson Beardsley in the supreme court on the 29th day of January, 1887, for $298.62 damages, and $22.32 costs. Another was recovered by Nathan Kingsley in the same court on the 23d day of June, 1887, for $1,395.90 damages, and $21.36 costs. Another was recovered by D. M. Osborne & Co. before a justice of the peace on the 22d of August, 1887, for $135.22 damages and costs, a transcript of which was filed in the Cayuga county clerk's office. On the 6th day of January, 1888, George G. French became the owner of the judgments recovered by Nelson Beardsley and D. M. Osborne & Co., which are the claims involved on this appeal. On the 30th day of March, 1887, Ross executed a mortgage on the farm to Nelson Beardsley to secure the payment of $2,000, which was assigned to Alice B. Ross. This was a junior mortgage, to enforce which she commenced a statutory foreclosure in October, 1887. While the foreclosure was pending, and on the 6th day of January, 1888, the assignee assigned the mortgage to George G. French, for whose benefit the foreclosure was continued in the name of said Alice B. Ross. The time of sale was January 16, 1888. On that day the owner of the mortgage, George G. French, sent his son, Fred. E. French, to represent him on the sale, with full authority to act for him, and do all things respecting the sale, and other proceedings incidental thereto. It had been ascertained before the day of the sale that the personal property of the deceased would be insufficient to pay his debts, including the judgments above mentioned. The defendants decided to bid on the foreclosure sale a sum sufficient to pay all the liens upon the premises, including the judgments. On the day of sale, and prior thereto, one of the defendants, James M. Stevenson, informed Fred. E. French of his intention to bid on the sale the amount of the liens. Thereupon it was agreed between said Fred. E. French, representing his father, and the said Stevenson, representing the defendants, that, if the said Stevenson would not bid upon the sale, the judgments against the deceased, William Ross, should be discharged, and should not be presented as claims against the estate. This agreement was carried out, and the premises were purchased by Fred. E. French for a sum less than the mortgage debt, and afterwards George G. French took the title under this foreclosure, and still owns the premises, which were worth the amount of all the incumbrances, including the judgments. On the 7th day of January, 1888, the said George G. French assigned the judgments in controversy to his wife, Mary E. French, the plaintiff. The said Stevenson, when he made the agreement with Fred., knew that George G. French was the owner of the judgments, but had no notice or knowledge of assignments to his wife, which were never recorded in the clerk's office, and no entry was made indicating any transfer. Stevenson believed at the time of making the agreement that said George still continued the owner of said judgments, and made it on that assumption. Under such circumstances, the plaintiff would be equitably estopped from enforcing her judgments against the defendants. *Blair* v. *Wait*, 69 N. Y. 113.

The agreement on the part of the defendants was fairly and honestly made for the purpose of procuring a satisfaction of the judgments out of the real estate, and to release the personal property of the deceased for the payment of his debts outside the judgments. Notwithstanding these facts, Mary E. French presented the judgments in controversy as claims against the estate of the deceased. They were disputed and rejected by the defendants. The surrogate appointed James Lyon referee to hear and determine the controversy. The referee found the above facts on sufficient evidence, and, as conclusions of law, determined that the claim was not a just one, and that the plaintiff was not entitled to recover. At a special term, in September,

1889, the report was confirmed, and judgment directed against the plaintiff. This appeal was taken from the judgment entered upon that direction. No case was prepared or motion made for a new trial. The evidence fails to show that any consideration was paid for the judgments by the plaintiff. She occupied no better position, as against the defendant, than her assignor would. *Hill* v. *Hoole,* 116 N. Y. 299, 22 N. E. Rep. 547. No questions are presented for review on this appeal, except those before the special term, based upon the referee's report, findings, and the plaintiff's exceptions thereto. The evidence and proceedings were never passed upon at special term, and are not before this court. *Railroad Co.* v. *Ebling,* 100 N. Y. 98, 2 N. E. Rep. 878; *Matthews* v. *Meyberg,* 63 N. Y. 656.

The sole question here is whether, upon the referee's findings, his legal conclusions were correct. There does not appear to be any room for controversy on this question. The real estate was worth more than the amount of the liens, including the judgments. The defendants represented the creditors and the estate. The duty devolved upon them of preventing its sacrifice, and protecting it for the benefit of creditors and those entitled to the surplus. They could do it only by bidding at this foreclosure sale the value of the property. The agreement, therefore, was a proper and legitimate one, as it enabled them to secure the results which a discharge of their obligations required. The son and agent of French had full authority to act; his principal obtained the benefit of the proceeds. *Mayer* v. *Deane,* 115 N. Y. 556, 22 N. E. Rep. 261; *Bennett* v. *Judson,* 21 N. Y. 238. His wife occupied no better position than himself. The law is not chargeable with the gross injustice which a reversal of this judgment would involve. It is a familiar rule that neither the statute of frauds nor any other statute or principle of law can be invoked to aid in the perpetration of a fraud. *Ryan* v. *Dox,* 34 N. Y. 307; *Dodge* v. *Wellman,* 1 Abb. Dec. 512. The appellant is in no position to urge that the defendants could not enforce the contract. Equity will not allow her to assume such a position. The only ground upon which she has a colorable standing in court is the violation of an agreement by those under whom she claims, the honest performance of which would have extinguished her judgments. But, as already shown, the defendants were not gui'ty of any violation of statute or principle of law in making the agreement. The proceedings before the referee disclosed by the case, including the evidence, have been carefully examined, and, if properly before this court for review, show no errors which would warrant a reversal. The conclusions of the referee and the decision of the special term were correct, and the judgment should be affirmed. All concur.