LOUIS RAPPS AND ANOTHER, RESPONDENTS, *v.* HENRY GOTT-
LIEB AND BETTIE STERN, DEFENDANTS; BETTIE STERN,
APPELLANT.

*Assignment of mortgage — the assignee takes subject to all equities — a mortgage void
by reason of non-delivery.*

A *bona fide* purchaser of a mortgage takes it subject to all equities and stands in
the place of the assignor.

Hence, where the owner of real estate applied to one G. for a loan of $1,000
thereon, and executed a bond and mortgage for that amount and left them with
G. (who demanded seventy-five dollars for searching the title and examining
the property), taking a receipt therefor from G., who promised to pay $925 if
everything was correct, or to return the papers (it being further agreed that
the bond and mortgage were to be of no effect without such payment), and G.
thereupon put the mortgage on record, and thereafter sold it to an innocent
purchaser for $1,000.

*Held,* in an action by the maker to cancel the bond and mortgage, that, as there
was no delivery to G., the mortgage never had life in his hands and he had
nothing to sell, and the purchaser from him stood in no better position.

APPEAL by the defendant, Bettie Stern, from a judgment of the
Supreme Court, entered in the office of the clerk of the county of
Kings on the 17th day of November, 1892, on a decision rendered
at the Kings County Special Term in favor of the plaintiff in an
action for the cancellation of a bond and mortgage and of the record
of the mortgage.

*Alfred Steckler*, for the appellant.

*Jacob Manheim*, for the respondents.

BARNARD, P. J. :

The plaintiffs, being the owners of certain real estate in Kings
county, applied to the defendant Gottlieb for a loan thereon for
$1,000. The mortgage was a third mortgage on the property, and
Gottlieb demanded seventy-five dollars for making the search and
examining the property. This was the 25th of May, 1892. On
the next day plaintiffs gave Gottlieb their deed, and he drew a mort-
gage to himself for the $1,000. This was executed the same day,
and Gottlieb requested the plaintiffs to leave the bond and mortgage
with him without payment. They objected to that, and Gottlieb

gave them a receipt for the bond and mortgage, and promising to pay $925 " if everything was correct," or to return the mortgage. It was expressly agreed that the bond and mortgage were to be of no effect without payment. Gottlieb put the mortgage on record, and on the 24th of June, 1892, sold the same to the defendant Sterns for $1,000. She was an innocent purchaser, and bought without notice of the fraud committed by Gottlieb. There was no delivery of the bond and mortgage to Gottlieb. It, therefore, never had life in Gottlieb's hands. A purchaser of a mortgage takes it subject to all equities, and stands in the place of the assignor. (*Briggs* v. *Langford*, 107 N. Y., 680; *Hill* v. *Hoole*, 116 id., 299; *Trustees of Union College* v. *Wheeler*, 61 id., 88.)

The evidence as to the good faith of the defendant Stern is not very clear from a careful examination of the testimony in respect to her purchase. The rule, however, that if she was a *bona fide* purchaser, she stands in no better position than her assignor, Gottlieb, renders a discussion upon this point unnecessary. The mortgage was never delivered, and Gottlieb never had anything to sell. The judgment should, therefore, be affirmed, with costs.

PRATT, J., concurred.

Judgment affirmed, with costs.