(24 App. Div. 584.)

### SPARLING v. WELLS et al.

(Supreme Court, Appellate Division, Third Department. January 12, 1898.)

1. MORTGAGES—RIGHTS OF ASSIGNEE.
    A bona fide purchaser and assignee of a mortgage stands in the same position as, and with no greater rights than, the mortgagee, and holds it subject to the same defenses as the mortgagee.

2. SAME—FORECLOSURE—EVIDENCE.
    In an action by an assignee of a mortgage to foreclose it, evidence is admissible to show that the assignment to plaintiff by a prior mortgagee, and also the assignment to the latter by the mortgagee, was without consideration.

3. SAME.
    Where the mortgagee is dead, his declarations that he gave no consideration for the mortgage, made while he was the holder of it, are admissible.
    Parker, P. J., dissenting.

Appeal from special term.

Action by Martha W. Sparling against George Wells, Solomon D. Burger, and others to foreclose a mortgage. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Brinnier & Newcomb, for appellants.

Bernard & Van Wagonen (John J. Linson, of counsel), for respondent.

HERRICK, J. The defendant and appellant in his answer alleges that the mortgage in question was given without any value or consideration, and also that the plaintiff, the assignee of the mortgage, never paid any consideration therefor. Upon the trial the appellant was not permitted to give evidence tending to prove that the mortgage was not given for value, and was without consideration. The appellant also offered in evidence declarations of the mortgagee in his lifetime, and before he assigned the mortgage, to the effect that he gave no consideration for the mortgage, that he took it to protect the mortgagor against some indorsement he had made, and that he expected to be able to do so by assignments. This evidence was rejected as incompetent, and it is attempted to be sustained here as incompetent because it is claimed that the declarations of the mortgagor as to the lack of consideration are not competent against a bona fide assignee for value. The appellant also offered to prove facts tending to show that the assignment of the mortgage by the mortgagee to his daughter, Ida Davis, was without consideration. This the court refused to receive, as immaterial. The appellant also offered to show that the assignment from Ida Davis to this plaintiff, her mother, was without consideration. This was objected to as immaterial, and also upon the ground that, until the consideration of the assignment to Ida Davis was attacked, and it was shown that there was no consideration for it, the plaintiff had all the rights Ida Davis had acquired. The court sustained the objection, and refused to receive the evidence. In short, the appellant was not permitted to attack the consideration of the mortgage, because it was claimed lack of consideration was no defense against a bona fide purchaser for value; and was not permitted to give in evidence declarations of the mortgagee, because they should not be received against a bona fide purchaser for value; and was also not permitted to show that both assignments of the mortgage by which the plaintiff got title were without consideration, upon the ground that such evidence was immaterial.

The consideration of a written instrument is always open to inquiry. Baird v. Baird, 145 N. Y. 659, 40 N. E. 222; Juilliard v. Chaffee, 92 N. Y. 529. So, also, "the proposition is well established that the assignee of a mortgage takes it subject to all defenses, legal and equitable, which the mortgagor has against the enforcement of it by the assignor at the time of the assignment." Hill v. Hoole, 116 N. Y. 299–302, 22 N. E. 547; Ingraham v. Disborough, 47 N. Y. 421; Dodge v. Manning, 19 App. Div. 29, 46 N. Y. Supp. 1049. "A purchaser of

a chose in action must always abide by the case of the person from whom he buys." Davies v. Austen, 1 Ves. Jr. 247; Schafer v. Reilly, 50 N. Y. 61. "It is well settled that an assignee of a mortgage takes it subject to the equities attending the original transaction. If the mortgagee cannot himself enforce it, the assignee has no greater rights. The true test is to inquire, what can the mortgagee do by way of enforcement of it against the property mortgaged? What he can do the assignee can do; no more." Trustees v. Wheeler, 61 N. Y. 88. And this applies as well to a remote as to the first assignee. Id. 114. The assignee takes it also subject to all equities of third persons against the assignor. Greene v. Warnick, 64 N. Y. 220; Westbrook v. Gleason, 79 N. Y. 23; Viele v. Judson, 82 N. Y. 32; Owen v. Evans, 134 N. Y. 514, 31 N. E. 999. The principle that an assignee of a mortgagee takes it subject to any defenses or equities existing in favor of the mortgagor or of third parties is not affected by the recording acts. Frear v. Sweet, 118 N. Y. 454–462, 23 N. E. 910; Schafer v. Reilly, 50 N. Y. 61. Such acts give notice of the existence of such instrument, but not of their validity as to origin, or any of defense to them. It has also been held that the assignee of a mortgage given without consideration, although he takes the assignment for value, and in good faith, and without notice or knowledge of the fact, has no other or greater rights in respect to the mortgage, and stands in no better condition to enforce it, than the mortgagee. The mortgagee, having no right of action upon the security, can transfer none, and cannot convey to another what he does not possess himself. Persons purchasing mortgages can always protect themselves by inquiring of the mortgagor whether the securities are valid, and, if they purchase on the representations that the same are valid, the mortgagor will be estopped from setting up the contrary. Westfall v. Jones, 23 Barb. 9, and cases cited. This, although a special term decision, was approved in Hill v. Hoole, 116 N. Y. 299, 22 N. E. 547.

The effect of those decisions, as I understand them, is that the assignee of a mortgagor stands in exactly the same position, and with no greater rights, than the mortgagee, and holds it subject to the same defenses as the mortgagee. In legal effect, he is the representative of the mortgagee. ¯ If he takes it subject to the same defenses as did the mortgagee, it seems to me to follow that the same evidence that would be admissible against the mortgagee to establish the same defenses is admissible against his assignee. So here in this case the plaintiff is in the place of, and is the representative of, the mortgagee, and evidence admissible against him is admissible against her. "The acts and declarations of the mortgagee with respect to the consideration, condition, and purposes under which the instrument was made and delivered, being admissions against his interest, would have been competent proof against him in a suit to enforce the mortgage in his lifetime, and hence are competent against the plaintiff, who represents him." Baird v. Baird, 145 N. Y. 659, 40 N. E. 222. Even if the plaintiff was a bona fide purchaser, she would not be exempt from the defense of a want of consideration. Briggs v. Langford, 107 N. Y. 680, 14 N. E. 502. It seems to me, therefore, that it was error to

exclude evidence of the declarations of Sparling, showing or tending to show that the mortgage was without consideration. The fact that such evidence would tend to show that the mortgage was made with a fraudulent intent does not render it inadmissible. As was said in Hill v. Hoole, 116 N. Y. 304, 22 N. E. 548:

"It may be assumed it was so made, and that neither party to it could obtain affirmative relief upon or from it. That situation does not deny to the mortgagor the right to establish its invalidity by way of defense, especially as against any other than a bona fide assignee."

In the case before us the person seeking to raise the question is not the mortgagor, but one who has purchased the property, and given value for it; and it was error to reject such evidence. Briggs v. Langford, 107 N. Y. 680, 14 N. E. 502.

But it is said lack of consideration for the giving of the mortgage cannot be proved by the admissions or declarations of the mortgagee when offered in evidence against a bona fide assignee for value. If lack of consideration is a defense as against a bona fide assignee, then it seems to me it may be proved by the same evidence that would be admissible against the mortgagee. His own admission would be. And it must be borne in mind that the admission offered here was made before the mortgagee had assigned the mortgage. He could have been called as a witness, if living. Why cannot his statement, made while living, and made against his interest, be used now that he is dead? Those statements could have been used against him if he had commenced this action instead of the plaintiff, and, if they cannot be used against her, then she, as assignee, does not stand in the same condition as to the mortgage as the mortgagee, and has not taken it subject to the same equities and defenses that he held. it subject to. I am aware of the general rule that declarations of the former holder of a chose in action are not admissible in evidence against a bona fide assignee for value. Clews v. Kehr, 90 N. Y. 633; Truax v. Slater, 86 N. Y. 630. And in the case of a mortgagee it has been held that declarations of a former holder, tending to show a payment or part payment of the mortgage, were not admissible against an assignee for value (Schenck v. Warner, 37 Barb. 258; Foster v. Beals, 21 N. Y. 247), or that the mortgage was usurious (Booth v. Swezey, 8 N. Y. 276). But I very much doubt whether the respondent is, or was at the trial, in a position to invoke the rule laid down in those cases. It will be observed that they all speak of such evidence as not being admissible against an assignee for value. The leading case in this state upon the rule which excludes the declaration of a former holder of a chose in action as against an assignee is that of Paige v. Cagwin, 7 Hill, 361, and a qualification of the rule there laid down is that, to exclude such declaration, the assignee must be a purchaser for value. And that qualification has been held to be an essential part of the rule. Von Sachs v. Kretz, 72 N. Y. 548–554, and cases cited. It would seem to follow from these cases that, in order to exclude such declaration, it must affirmatively appear that the assignee is an assignee for value. And in the case of Hill v. Hoole, 116 N. Y. 304, 22 N. E. 548, the court said:

"If the question of the good faith of the plaintiff as assignee and for value would have been of any aid to him in support of his action, it was for him to show such relation."

In this case there was no evidence of value except that offered by the recitals in the assignment and the presence of a seal, sufficient prima facie, but which, it seems to me, was overcome by the plaintiff's own testimony that she knew nothing about the assignment, and that it was made to her without her knowledge. The inference that she had not paid anything for an assignment she knew nothing about, and which was made to her without her knowledge, is not a strained one. If she had paid anything for it, she would have known it. The absence of all knowledge of the assignment on her part is sufficient to overcome any presumption of payment by her created by the instrument itself and its seal. This testimony of the plaintiff was given before the final rejection by the trial court of the testimony as to the mortgagee's declarations. Upon what, then, could the respondent base her objection to such evidence that it was incompetent, when the cases only hold it incompetent as against an assignee for value? And again, in most, if not all, of the cases which I have cited, or to which we have been referred, where the rule contended for has been followed, the evidence did not go to the validity of the instrument itself, but to matters of defense extrinsic to the instrument. The evidence here offered goes to the very existence of the mortgage itself,—to the title, so to speak. As was said in Baird v. Baird, 145 N. Y. 664, 40 N. E. 222, in speaking of the consideration of the mortgage, and whether a mortgage could be attacked for lack of it:

"It is the debt which gives the mortgage vitality as a charge upon the land; and generally, when there is no debt or obligation, there is no subsisting mortgage."

But, without attempting to reconcile the numerous—apparently, at least—conflicting decisions as to when such evidence is not admissible, the principle upon which it is rejected does not apply in this case. "The great objection to this class of testimony is that it seeks to establish by hearsay or secondary evidence what can be shown by better and more satisfactory proof." Foster v. Beals, supra. But when the person whose declaration is offered in evidence is dead, such evidence ceases to be secondary. The best evidence—the declarant's own sworn evidence to be given upon the trial—is no longer to be had. And the fact that the statement or declaration was against his interest is evidence of its truth, that, under the circumstances, takes the place of a sworn statement upon the trial.

In Lyon v. Ricker, 141 N. Y. 225, 36 N. E. 189, the court said, as to declarations of a deceased grantor, made while he was in the possession of real estate, in relation to his title thereto:

"They were made by a party while in the possession of the real estate, and in relation to his title, and they were made against his interest, and he was deceased at the time the proof was given. In such cases declarations of a deceased person may be given in evidence, even in actions between third parties."

There is some analogy between a mortgage which creates a lien upon real estate and a deed which conveys the absolute title thereto;

and evidence which is admissible to invalidate the title to the one, it seems to me, is equally admissible to attack the validity of the other. The validity of a mortgage is no more sacred than the deed or title to the land upon which the mortgage is given. If the declarations of a deceased holder and owner of a deed of land, made while still the holder and in possession thereof, and derogatory to his title, may be given in evidence, as held in Lyon v. Ricker, supra, what reason, upon principle, can be given why the declaration of the deceased holder and owner of a mortgage upon the same land, derogatory to the invalidity of such mortgage, should not be received in evidence?

But it seems to me the case before us has been squarely passed upon in the case of Briggs v. Langford, reported in 20 Wkly. Dig. 563. The plaintiff, who was the grantee of certain real estate, brought an action to restrain the enforcement of a prior mortgage by the assignee thereof, who took it in good faith and for value. The plaintiff asked for the cancellation of said mortgage and assignment, and their discharge from record. Upon the trial the plaintiff offered to prove the declarations of one Heath, who was the original mortgagee, made while he was the owner and holder of the mortgage, to the effect that the mortgage was made to keep off creditors from the property of the mortgagor, and that the mortgage had never been delivered; that the mortgage was given by the mortgagor to cover up his property, so that his creditors could not get hold of it, and for no other consideration. This evidence was excluded by the trial court, and upon appeal to the general term it was held that the declarations or admissions of the assignor were not admissible against an assignee in good faith and for value, and were properly excluded. The case then went to the court of appeals, and is reported in 107 N. Y. 680, 14 N. E. 502. The judgment of the general term was reversed, the court saying:

"We think that the trial court erred in overruling the offer of the plaintiff to prove that the mortgage was given for the purpose of defrauding the creditors of the mortgagor, and upon no other consideration. * * * The defense of want of consideration is equally available against Langford, the assignee of the mortgage, as against Heath, the mortgagee, for he stands, in respect to the security, in place of his assignor; and, even if he is a bona fide purchaser, he is not exempt from the want of consideration. The plaintiff occupies a position quite as favorable, at least, as that of the mortgagor. He paid the full value of the lands, and upon the plainest principles of justice he is entitled to assail the validity of any pretended liens thereon."

. But, if we hold that evidence of a deceased mortgagee while he was the holder of the mortgage is not admissible against a bona fide assignee for value, then the trial court was in error in refusing to admit evidence tending to show that both Ida Davis and her mother, the plaintiff in this action, were not purchasers for value.

The defendant offered to show that it was the custom of Mr. Sparling, the mortgagee, to take mortgages, and assign them to his daughter, Ida Davis, to hold for him. This offer was objected to and overruled. It appeared that upon Mr. Sparling's death the bond accompanying the mortgage in question was found in his safe, among his papers. The defendant offered to prove that the mortgage was also there. Evidence to that effect was rejected. The defendant offered to prove that Sparling brought the assignment to the county

clerk's office, paid the fees for recording, and directed the county clerk to return it to him; which offer was rejected. He also offered to prove that the plaintiff in this action did not pay any consideration for the assignment from her daughter, Ida Davis, to her, of this mortgage. Evidence to that effect was rejected by the court, although I think it sufficiently appears in other places in the testimony, as heretofore indicated, that the plaintiff did not pay any consideration for the transfer of the mortgage to her; and it also appears that the assignment to her was made absolutely without her knowledge. The effect of these different rulings is this: That the court refused to receive any evidence showing .or tending to show that Ida Davis or the plaintiff were not bona fide purchasers for value, on the ground that it was immaterial and incompetent, and refused to receive the declarations of Sparling, because they were not competent against a bona fide assignee for value; first refusing evidence that they were not bona fide assignees for value, then refusing to receive evidence of the declarations which would operate against them, because they had not been proved not to be bona fide purchasers or assignees for value. These rulings in a circle of course precluded the defendant from making any defense. If the evidence of these declarations of Sparling were competent against persons who were not bona fide purchasers for value,—which I understand is not disputed,—then evidence tending to show that the plaintiff and Ida Davis were not such purchasers was competent, and should have been admitted. Very little reflection, I think, will convince any person that the evidence offered did strongly tend to show that Ida Davis did not, in fact, pay anything for the assignment to her. Assuming the facts to be proved that the defendant offered to prove, we will have this state of facts: That Mr. Sparling was in the habit of taking mortgages, and assigning them to his daughter, to hold for him; that, after telling the purpose for which this mortgage was given, and that the mortgagor was not owing him anything, and, upon being asked, "Well, if he is not owing you, how can you hold him against those judgments?" he said, "I think I can do that by assignments;" that thereafter he made out an assignment of such mortgage to Ida Davis, took assignment to the county clerk's office, directed him to record it, and return it to him, and he paid the fees for such recording; that, so far as the case shows, the bond and mortgage were never actually in the possession of Ida Davis, and that upon his death the bond and mortgage were found with his private papers, with an indorsement upon the bond, in his own handwriting, that interest had been received by him, which, so far as the case shows, was the only interest ever paid upon it; and that immediately after his death Ida Davis, without any consideration therefor, transferred and assigned the mortgage to her mother, who was the executrix of her father's estate, and that her mother included this bond and mortgage in the inventory of her husband's assets that she made up as executrix and swore to. It would then be for the jury to consider whether Ida Davis, who was in the habit of having assignments of mortgages, owned by her father, made out to her, to hold for him, and who never, so far as the evidence shows, had this mortgage in her possession, and had not received any interest thereon, and who,

immediately upon her father's death, transferred it to her mother, without receiving a dollar of consideration therefor, did in fact have a dollar's pecuniary interest in such instrument; and whether the assignment to her was not made in pursuance of his plan of making assignments to protect the mortgagor. If Ida Davis gave no consideration for the mortgage, then she was not a bona fide holder for value. From the little evidence that did get into the case, it appears —very clearly, I think—that the plaintiff did not pay Ida Davis anything for the assignment to her, and, if neither of them paid anything for the mortgage, then I think it is beyond question that the declarations of Sparling as to the lack of consideration for the mortgage were competent. And for the errors of the court in rejecting evidence of the lack of consideration of the assignment to Ida Davis and the plaintiff, and in refusing the declarations of the deceased mortgagee as to the lack of consideration for the mortgage itself, the judgment should be reversed, and a new trial granted.

LANDON and PUTNAM, JJ., concur. MERWIN, J., concurs in result. PARKER, P. J., dissents.