SNYDER v. ASH.

(Supreme Court, Appellate Division, Third Department.  May 4, 1898.)

1. MORTGAGES—INTEREST CONVEYED.
   Under 1 Rev. St. p. 748, § 1 (providing that every grant or devise of real estate or any interest therein shall pass all the estate or interest of the grantor, unless the intent to pass a life estate or interest shall appear by express terms, or be necessarily implied in the terms of such grant), a mortgage executed by a husband, joined in by the wife, over land in which the husband has a three-fifths interest and the wife a two-fifths interest, describing the entire premises without reservation, conveys the wife's interest therein as well as that of the husband.

2. SAME—EVIDENCE.
   Parol evidence offered to vary the terms of a written mortgage is properly excluded.

3. SAME—MISTAKE—EVIDENCE.
   In order to relieve a wife who owned a two-fifths interest in land from the effect of joining in a mortgage with her husband over the entire land, instead of his interest alone, she must show that the mortgagee was guilty of some lack of good faith inducing the mistake.

   Herrick, J., dissenting.

Appeal from special term, Rensselaer county.

Action by Jacob H. Snyder against Benjamin W. Ash and Harriet M. Ash for the foreclosure of two mortgages. From so much of a judgment of foreclosure and sale entered upon the report of a referee as subjects the estate of Harriet M. Ash in the mortgaged premises to the lien of the mortgage, she appeals. Affirmed.

The appellant, Harriet M. Ash, being the owner of an undivided two-fifths of certain premises, and her husband, Benjamin W. Ash, being the owner of the other undivided three-fifths thereof, on March 16, 1874, executed and delivered to Jacob H. Snyder a mortgage thereon, describing the whole premises, to secure the payment of a bond for $1,500 and interest, executed on the same date to said Snyder by said Benjamin, and upon account of Benjamin's sole indebtedness to Snyder, Harriet receiving no benefit therefrom. Jacob A. Snyder afterwards died, and the plaintiff is the owner of the bond and mortgage. Default in payment having been made, this action is to foreclose the mortgage. The appellant, Harriet M. Ash, by her answer alleges that she joined in the execution of the mortgage solely as the wife of Benjamin, and only for the purpose of releasing her inchoate right of dower in his estate therein, and that she did not incumber her own estate therein, and that it was so agreed and understood between her and said Jacob A. Snyder at the time of the execution of the mortgage. The mortgage recites that it is made by "Benjamin W. Ash and Harriet M. Ash, his wife," for 'the consideration of $1,500, "to them duly paid," and is upon "all that certain lot," describing it as an entirety, and is given to secure payment of the bond of Benjamin W. Ash. The appellant offered to prove by her husband that, before she executed the mortgage, she told Jacob A. Snyder, the mortgagee, that she did not want to sign it if it covered her two-fifths interest, and that he told her it would not cover it, and thereupon she executed it. There was no evidence offered to the effect that the mortgage was not read over to her. The referee excluded the testimony, and appellant excepted.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Henry J. Speck, for appellant.

Eugene Bryan, for respondent.

LANDON, J. The mortgage in terms covers the entire premises, without reservation or exception, and therefore covers the wife's estate in the undivided two-thirds thereof. 1 Rev. St. p. 748, § 1. Cases like Power v. Lester, 23 N. Y. 535, and Gillig v. Maass, 28 N. Y. 191, are to the effect that, in respect of the husband's lands, the joinder of the wife with him in the mortgage thereof only operates to release her contingent right of dower. Such was the effect here in respect of the husband's portion of the mortgaged lands. But the mortgage also covers the wife's portion of the premises. This portion the husband could not incumber, but she could, and did. The mortgage has the effect which its terms express. There is no ambiguity in it.

The parol evidence offered as to what the mortgagee said as to the effect of her execution of it contradicts its terms, and was therefore properly excluded. Hutchins v. Hutchins, 98 N. Y. 56. Even if admitted, it would fall short of proving that she was misled thereby. If regarded as a misrepresentation as to its legal effect, then it was a mistake in law; and in order to relieve the wife from its consequences, and thrust them upon the mortgagee, the mortgagee must be shown guilty of some lack of good faith inducing

the mistake.   Haviland v. Willets, 141 N. Y. 50, 35 N. E. 958; Berry v. Insurance Co., 132 N. Y. 49, 30 N. E. 254. There was no offer to show this.

The judgment must be affirmed, with costs. All concur except HERRICK, J., dissenting.

HERRICK, J. (dissenting). In this case, husband and wife each owned an undivided part of the real estate. A mortgage upon the husband's portion necessarily described all the real estate. It is conceded that, as a general rule, the joining by a wife with her husband in a mortgage is only effectual to release her inchoate right of dower. If, however, she is to be considered as a mortgagor, and not merely as signing the instrument to cut off her right of dower, then, as to that undivided portion of the real estate owned by her, and which alone she could mortgage, the mortgage must be treated as if it was a separate and independent mortgage. Like any other mortgage, the consideration for it is open to inquiry. Baird v. Baird, 145 N. Y. 659, 40 N. E. 222; Jullard v. Chaffee, 92 N. Y. 529.

The plaintiff stands in the shoes of the mortgagee. "The proposition is well established that the assignee of a mortgage takes it subject to all the defenses, legal and equitable, which the mortgagor has against the enforcement of it by the assignor at the time of the assignment." Hill v. Hoole, 116 N. Y. 299, 22 N. E. 547; Ingraham v. Disborough, 47 N. Y. 421; Dodge v. Manning, 19 App. Div. 29, 46 N. Y. Supp. 1049; Trustees v. Wheeler, 61 N. Y. 88; Westfall v. Jones, 23 Barb. 9, approved in Hill v. Hoole. In this case it appears that the appellant received no part of the consideration for the mortgage. As to her property, then, the mortgage was without consideration, and not enforceable against her. The defendant Harriet M. Ash having joined in the mortgage as the wife of Benjamin W. Ash, under ordinary circumstances the presumption would be that she merely intended to release her inchoate right of dower; but it appearing that the real estate covered by the mortgage embraced real estate owned by her as the tenant in common with her husband, thereby causing a doubt as to whether a mortgage which under ordinary circumstances would only be construed as a release or conveyance of an inchoate right of dower did, according to its terms, also include the property owned by her personally, I think parol evidence was admissible to show that she executed it only upon the understanding and agreement that it was only to cover her dower interest in her husband's property.

It seems to me, therefore, that, as to that portion of the real estate of which the appellant Harriet M. Ash is the owner, the judgment should be reversed.