SCHLITZ v. KOCH et al.

(Supreme Court, Appellate Division, Second Department. May 26, 1910.)

1. MORTGAGES (§ 461*)—FORECLOSURE—CONSIDERATION—EVIDENCE.

Where, in a suit by an assignee of a mortgage to foreclose it, there was no proof that any consideration passed between the mortgagor and mortgagee, beyond the presumption arising from the sealing of the instrument, the refusal to permit proof that the mortgagee had not paid any money to the mortgagor was erroneous.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 461.*]

2. MORTGAGES (§ 256*)—ASSIGNMENT—RIGHTS OF ASSIGNEE.

An assignee of a mortgage takes it subject to the legal and equitable defenses available to the mortgagor at the time of the assignment, and hence want of consideration may be a defense to the action of the assignee to foreclose the mortgage.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 256.*]

3. WITNESSES (§ 145*)—COMPETENCY—TRANSACTION WITH DECEASED PERSONS.

Code Civ. Proc. § 829, forbidding a person in interest from testifying against one deriving his title from or through a decedent, does not prevent a wife, who obtained a mortgage from her husband, since deceased, from testifying against her assignee of the mortgage, suing to foreclose it, by proving want of consideration of the mortgage.

[Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 145.*]

Appeal from Special Term, Kings County.

Action by Magdelena Schlitz, as administratrix of John Schlitz, deceased, against Amelia Koch and others. From a judgment for plaintiff, certain defendants appeal. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, RICH, and CARR, JJ.

James E. Smyth, for appellants.
William S. Haskell, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

JENKS, J.　This appeal is from a judgment for foreclosure of a mortgage upon real estate. The defendants are the widow and infant children of the mortgagor, and this appeal is taken by the said infants. The infants' answers allege that the bond and mortgage was executed by their father to his wife, the present widow, without consideration, that she then executed the assignment thereof to the plaintiff's intestate without consideration, that plaintiff's intestate had full knowledge of the facts in reference to the execution, and that the assignment was made to secure the said assignee for his execution of certain indemnity bonds on which bonds no liability was ever had. The learned Special Term found that the mortgagor executed and delivered the bond and the mortgage to the mortgagee, and that the mortgagee assigned the mortgage to plaintiff's intestate for a good and valuable consideration, that there was default, and that the face of the mortgage was due.

The defendants inquired of the said widow, mortgagee and assignor of the plaintiff's intestate, whether she paid any money at the time of the delivery of the bond and mortgage to her, and whether she paid at that time, or at any time, any money to the mortgagor, but was silenced by the objections that the questions were immaterial, irrelevant, and incompetent, tending to vary the terms of the written instrument, and as not binding on the plaintiff. I think the exceptions to these rulings, and exceptions to similar rulings during the examination of the defendants' witness Mansland, were well taken. There was no proof that any consideration had ever passed between the mortgagor and mortgagee, beyond the presumption arising from the sealing of the instruments. We cannot say that, if the court had permitted proof to the contrary, it would not have been satisfied that the presumption thereby was overthrown. The assignee took the mortgage subject to the legal and equitable defenses available to the mortgagee at the time of the assignment. Hill v. Hoole, 116 N. Y. 299, 22 N. E. 547, 5 L. R. A. 620; Baird v. Baird, 145 N. Y. 659, 661, 40 N. E. 222, 28 L. R. A. 375; Briggs v. Langford, 35 Hun, 667; Id., 107 N. Y. 680, 14 N. E. 502; Rapps v. Gottlieb, 142 N. Y. 164, 36 N. E. 1052; Thomas on Mortgages, § 324; Jones on Mortgages, 842. Hence want of consideration might be a defense to the action of the assignee for foreclosure. In Hill v. Hoole, supra, the court, per Bradley, J., considering the element of good faith and valuable consideration in the assignment, say (page 304 of 116 N. Y., page 548 of 22 N. E. [5 L. R. A. 620]):

"But it is by no means clear that such fact, if it had been found, would have been of any avail against the defense. As held in Westfall v. Jones, 23 Barb. 9, it would not. There it was determined that a defense under like circumstances came within the rule that a mortgage is taken by an assignee subject to all the defenses existing as between the original parties to it. So far as observed, that case does not appear to have been questioned by any later adjudicated case. And for the purposes of the present one it is unnecessary to give the question any further consideration."

It may be urged that, inasmuch as the questions related to a money consideration only, the answers would not necessarily have shown lack of any consideration. But the fact remains that the defendants were

halted in their attempts to prove that a usual consideration did not exist, by a ruling of the court, upon an objection, that was sufficient to indicate that any effort to go further would be vain. The widow was not disqualified by section 829 of the Code. Holcomb v. Campbell, 118 N. Y. 46, 22 N. E. 1107.

The judgment is reversed, and a new trial is granted; costs to abide the final award of costs. All concur.