BROWN, Appellant, vs. NORTH, Respondent.

1. An action cannot be maintained on a note obtained by fraudulent representations.

*Appeal from Franklin Circuit Court.*

Action by Brown against North upon a promissory note. The defence relied upon in the answer was, that the note was obtained by the fraudulent representations of the plaintiff. At the trial without a jury, the court found the facts to be, that John F. Mense, on behalf of himself and the defendant, employed the plaintiff to purchase a tract of land for them, agreeing to pay him twenty-five dollars for his services, and authorizing him to pay not exceeding eight dollars an acre for the land. The plaintiff succeeded in purchasing the land at seven dollars an acre. Before a deed was executed, the defendant bought out Mense's interest. Afterwards, the defendant executed and delivered to plaintiff the note sued on for $302. At the time this note was executed, the plaintiff claimed for his services the sum of $277, being the difference between the cost of the land purchased at seven dollars per acre and its value at

eight dollars per acre, and the further sum of twenty-five dollars. He represented to the defendant that Mense had instructed him to pay eight dollars per acre, and the note was given upon the faith of the representation. When the defendant executed the note, he knew that plaintiff had obtained the land for seven dollars an acre ; but it does not appear that he knew that the plaintiff had agreed with Mense to make purchase for twenty-five dollars only. Upon these facts, the court, below declared as law that the note was without consideration and fraudulent as to all except the twenty-five dollars and interest, and gave judgment for the plaintiff for that amount only. The plaintiff appealed.

*N. Holmes,* for appellant. 1. It is not found as a fact that any false representations whatever were made, nor as law that the note was obtained by fraud. 2. A note being in its nature entire, partial failure of consideration cannot be pleaded in an action on the note. (Story on Contracts, § 482.) Where there is a valuable consideration, the courts will not inquire into the adequacy of it. (Story on Con. § 483. 8 Mo. Rep. 316–9.) Besides, neither the defence of partial failure, nor partial want of consideration, was set up in the answer. 3. An adjustment of a disputed right or claim, the foregoing of some benefit, or the incurring of some disadvantage, is a valuable consideration for a contract. (*Halsa* v. *Halsa*, 8 Mo. Rep. 303–7. *Mullanphy* v. *Riley*, 10 Mo. Rep. 489–94. Story on Contracts, § 431–2, § 440.)

*J. D. Stevenson,* for respondent. An agent cannot speculate on his principal, and the note sued on being given in part for profits made by the plaintiff on his purchase, is to that extent fraudulent and void. (Chitty on Contracts, 245–6, 256–7, 436. 14 Mo. Rep. 615. 13 Mo. Rep. 176.)

RYLAND, Judge, delivered the opinion of the court.

The finding of the court supports the judgment, and the facts warrant the finding. Here, a man undertakes to do a certain act for a specified consideration. He undertakes to purchase a

tract of land for Mense and North. He is to purchase it at a price not exceeding eight dollars per acre. A part of the money is advanced to him by Mense before he commences the treaty about the land. For purchasing he is to receive, as a compensation for his services, $25. He succeeds in making the purchase at the price of $7 per acre, and then represents to North that he was to get the difference between the sum of $7 and $8 per acre for making the purchase. He claims the sum of $302 for doing that which he had promised to do for $25, and by his representations induces North to give him his note for the amount claimed.

There is no pretext for this demand made by Brown on North. The note was obtained by fraudulent representations, and should not be allowed to support an action. Suppose Brown had bought the land at $5 per acre, would he have claimed that Mesne and North must pay him the difference between the prices at $5 and at $8 per acre? He had just as much right to do it as he has to claim the difference between $7 and $8 per acre.

Will any one pretend that a man can honestly demand the sum of $302 from his employers for doing the very business which he had engaged himself to do for $25? Suppose he should make representations, partly true and partly discolored by concealing the truth, and thereby get the note of one of his employers: when the facts are brought to light on a trial, can any conscientious man expect to retain the wages of such work? Why talk about want of consideration, when the note is founded in *mala fides?*

Upon looking over the whole case, we are satisfied with the judgment of the Circuit Court, and it is affirmed by this court unanimously.