HUTTIG SASH AND DOOR COMPANY, Appellant, v. GEORGE P. M'MAHON et al., Defendants, WILLIAM H. GOUGH, Respondent.

St. Louis Court of Appeals, November 14, 1899.

1. **Promissory Notes:** ILLEGAL IN PART: VOID IN TOTO. F., of the firm of F. G. and M. executed the notes of the firm in settlement of his individual debt and a firm debt, without the knowledge of G. These notes in the hands of the payee were void.

2. ———: PAYEE'S FRAUD IN ACCEPTING NOTES: NOTES VOID. The giving of the notes by F., without the knowledge of G., and acceptance of them by the payee or plaintiff were fraudulent acts, and rendered both notes void.

Appeal from the St. Louis City Circuit Court.—*Hon. Selden P. Spencer*, Judge.

REMANDED FOR FURTHER PROCEEDINGS.

*A. & J. F. Lee* and *Geo. R. Lockwood* attorneys for appellant.

(1) The appellant was entitled to recover against respondent on the notes sued on, such part as represented money loaned to the firm of Geo. P. McMahon & Co., and it was not

error for the court to refuse an instruction for a non-suit. Daniel on Neg. Insts., secs. 195, 201, 203, 204; Parsons on Notes and Bills [1 Ed.], p. 211; Klein v. Keyes (1852), 17 Mo. 326; Brown v. North (1855), 21 Mo. 528; Koontz v. Insurance Co., 42 Mo. 126; Briscoe v. Kinealy (1879), 8 Mo. App. 76; Trabue v. Insurance Co. (1894), 121 Mo. 75; Rice v. Doane, 164 Mass. 136; Parish v. Stone (1833), 14 Pick. 198; Wilson v. Forder, 20 Oh. St. 89; Earle v. Reed (1845), 10 Metc. 387; Collins Iron Co. v. Burkam, 10 Mich. 283; Hodgkins v. Moulton, 100 Mass. 309; Harrington v. Stratton (1839), 22 Pick. 510; Loring v. Sumner, 23 Pick. 100; Herbert v. Ford, 29 Me. 546; Bean v. Jones, 8 N. H. 149; Griffith y. Parry, 16 Wis. 218; Gamble v. Grimes, 2 Ind. 392; Wilson v. Lewis, 2 Scott, N. R. 115. (2) The sustaining of a motion for a new trial on one ground is, in legal effect, an overruling of the other grounds of the motion. Bradley v. Reppell, 133 Mo. 545, 560; Ittner v. Hughes, 133 Mo. 679, 688. (3) But whenever anything develops in the evidence put in by defendant, or plaintiff in rebuttal, which justifies the court in refusing an instruction for a non-suit at the conclusion of the whole case, the error, if such it was, of the court in refusing a like instruction when plaintiff closed his case in chief, is cured. Bowen v. Railroad, 95 Mo. 268, 275; Weber v. Cable R'y Co., 100 Mo. App. 194, 204; Hilz v. Railroad, 101 Mo. 36, 42; Jennings v. Railroad, 112 Mo. 268, 274; Ronsiek v. Boverschmidt's Admr., 63 Mo. App. 421, 422.

*P. Taylor Bryan* for respondent.

(1) In determining whether or not the action of the court below in sustaining the motion for a new trial should be affirmed, it is well settled that this court will not confine its consideration to the grounds set out in the order of the lower court but independent of such action will consider any and all of the reasons assigned in the motion itself. Kreis v. Railway,

131 Mo. 533; Ittner v. Hughes, 133 Mo. 679; Saville v. Huff-stetter, 64 Mo. App. 273; Gray v. Railway, 54 Mo. App. 666; O'Meara v. Swanson, 62 Mo. App. 71; Hoepper v. Southern Hotel Co., 142 Mo. 379; Hewitt v. Steele, 118 Mo. 463.    (2) Thus the whole record is to be considered in the case, and if upon any of the grounds set forth in the motion for a new trial the court below should have granted a new trial, then the judgment in this case must be affirmed.    Standard Milling Co. v. Transit Co., 122 Mo. 258-270; Hewitt v. Steele, 118 Mo. 463.    (3)   If a partner-ship note be given by one partner for his individual debt the partnership is not liable.    This is not merely because there is a failure of consideration as to the partnership, but "the reason for this is that the very nature of the transaction is such as to show *prima facie* a fraud in the creditor.   He can not be ig-norant that the debt is an individual one."   Hickman v. Kunkle, 27 Mo. 403; Achley v. Staehlin, 56 Mo. 558; Price v. Hunt, 59 Mo. 258; Daniels v. Hammond et al., 27 N. E. 12 (Mass. 1891); Union Nat. Bank v. Underhill, 102 N. Y. 336; Mecutcheon v. Kennedy, 27 N. J. L. 230; Graham v. Taggart, 11 Atl. 652 (Pa.); Blodgett v. Sleeper, 67 Me. 499; Newman v. Richardson, 8 Fed. 865; Mut. Nat. Bank v. Rich-ardson, 33 La. Ann. 1312; Bates on Partnership, sec. 347; Bayley on Bills [2 Am. Ed.], p. 54, *et seq*; Daniel on Neg. Inst. [4 Ed.], sec. 366; 3 Kent's Comm., p. 43; Parsons on Part. [4 Ed.], sec. 135.   (4)   Even if it were true in this case that a part of the proceeds of the notes went into the alleged partnership, still the plaintiff can not recover on the notes, for a note is an individual contract and an en-tirety, and where fraud enters into the consideration and exe-cution of a contract it permeates the entire contract and vitiates it *in toto*.   King v. Faber, 22 Pa. St. 21; Niver v. Best, 10 Barb. 369; Snyder v. Lundsford, 9 W. Va. 223; Story on Prom. Notes, sec. 190; Bick v. Seal, 45 Mo. App. 475; Mc-Nichols v. Rubelman, 13 Mo. App. 515; St. Louis Coffin

Huttig Sash & Door Co. v. Gough.

Co. v. Rubelman, 15 Mo. App. 280; McDonald v. Wagner, 5 Mo. App. 56; Allen v. Berry, 50 Mo. 90; Hamilton v. Scull, 25 Mo. 166; Fenton v. Ham, 35 Mo. 409.

BIGGS, J.—F., G. and M. were partners. F. executed the notes of the firm in settlement of his individual debt and a firm debt to the payee. This was done without the knowledge of G. Are the notes in the hands of the payee void or voidable *in toto* as to G? This is the only question presented by the record which we need discuss.

Plaintiff's evidence tended to prove the following facts: The defendant Gough, George P. McMahon and W. J. Farrell composed the firm of George P. McMahon and Company. The firm borrowed some money of plaintiff. At the same time Farrell was indebted to plaintiff on his individual account, the exact amount not definitely shown by the evidence. It was not, however, in excess of $585. In settlement of the two debts Farrell executed two firm notes to plaintiff. The notes were given without the knowledge of Gough. Plaintiff brought suit on the notes. Gough only was served. He denied all liability on the notes, setting up the foregoing facts as a defense. At the conclusion of plaintiff's testimony the circuit court refused an instruction of non-suit. At the conclusion of all the testimony the court permitted the plaintiff to enter voluntary credits on the notes for $585 with interest, which plaintiff conceded was the amount of the individual debt of Farrell. The court thereupon directed a verdict for the plaintiff for the balance due on the notes, and subsequently ordered a new trial, on the ground that error was committed in refusing defendant's instruction of non-suit. The plaintiff appealed from the order granting the new trial.

The theory of the plaintiff is that to the extent of the individual debt of Farrell the notes were without consideration; that this presented a defense *pro tanto* only, and that there could be a recovery on the notes for the amount of the partner-

ship indebtedness. The plaintiff concedes that where a contract is based on a consideration which is partially illegal the contract is void and can not be enforced. The reason for the non-enforcement of such contracts is that the courts deem it inconsistent with public policy for the law to undertake an apportionment between a legal and an illegal consideration, for this would encourage persons to engage in illegal transactions. The contention of plaintiff is that the present case does not come within this class but is a case presenting a partial want of consideration, and that as the good can be separated from the bad, the notes will be enforced as valid firm obligations to the extent of the partnership indebtedness. We can not assent to this. The facts do not present simply a case of a partial want or failure of consideration. As to Gough the giving of the notes by Farrell and the acceptance of them by plaintiff, were fraudulent acts. (Lincoln Nat'l Bank v. Schoen, 56 Mo. App. 160; Hickman v. Kunkle, 27 Mo. 403.) Technically speaking there was not a partial illegality of a consideration, but there was a want of consideration accompanied by an actual and intentional fraud in the execution of the notes. Now, when the plaintiff's fraud is discovered, it insists that the law ought to separate the good in the notes from the bad, and give it the benefit of the contracts to the extent of the good. This in our opinion can not be done for two reasons: (1) The notes are tainted with an all-pervading vice; (2) to allow the plaintiff to recover anything on the notes would tend to encourage unfair dealings, whereas the law on grounds of public policy should be so administered as to discourage questionable transactions. To say that if the partnership actually owed plaintiff the amount represented by the balance of principal on the notes Gough would not be prejudiced by a judgment in the action, is but begging the question. It is against the policy of the law to give countenance to such transactions. But the recognition of the validity of the notes to the extent claimed would give to plain-

tiff an unfair advantage in that the notes would make for it a *prima facie* case, whereas Gough claims that the partnership was not indebted to plaintiff in any amount. . We think that our conclusions are supported by analogous cases in this state, and by the best considered decisions in other jurisdictions. ·

In McDonald v. Wagner, 5 Mo. App. 56, which was a suit upon a note, it appeared that the wife of the defendant had sued him for divorce, and the wife employed the plaintiff who was a practicing lawyer, to prosecute the action. The plaintiff effected a reconciliation between the parties, and to compensate him for his services to both, the note in suit was given. The supreme court held that as part of the note was illegal it was wholly void.

In McNichols v. Rubelman, 13 Mo. App. 515, 522, the conveyance under consideration was executed partly to hinder and defraud creditors. The court held it to be void *in toto*; that the contract was an entire thing and could not be split up and held good in part and bad in part.

In St. Louis Coffin Company v. Rubelman, 15 Mo. App. 280, the court held that where the creditor, in addition to the taking of enough of the debtor's goods to satisfy his claim, purchases an additional quantity for the purpose of aiding the debtor in defrauding his creditors, the whole transaction would be declared void.

In Hamilton v. Scull, 25 Mo. 165, the supreme court held that a fraudulent grantor would not be heard to allege the invalidity of the transfer, for says the court "to do this would be encouraging fraud, for thereby a party would be induced to make fraudulent alienations without any concern for the consequences, confiding in the privilege the law would confer of setting them aside afterwards, if they did not answer the ends proposed by them." This reasoning of the court is especially applicable to the facts in the present case. If the contention of plaintiff's counsel is the law, then their client ran no risk whatever in undertaking to defraud the

other members of the firm or the creditors of the firm, for in any event he would reap an advantage. If the note should be contested he would be in a position to cast upon the non-assenting partner the burden of showing the fraud (Hickman v. Kunkel, 27 Mo. 401) and the amount of the individual debt, and should the latter succeed in doing so, the plaintiff would still recover for the amount of the alleged partnership indebtedness (with interest in excess of the legal rate), without the burden of proving the indebtedness, the note making a *prima facie* case for him.

In the case of Brown v. North, 21 Mo. 528, the supreme court expressly announces the rule for which we contend. There the plaintiff was employed by one Mense to purchase a tract of land for him and the defendant, for which he was to charge $25. The purchase was made, but before the deed was executed the defendant bought Mense's interest. On a settlement between plaintiff and defendant the latter falsely represented that under his agreement with Mense he was entitled to receive $302 for his services, and for which he induced the defendant to execute a note. The action was upon this note, and the defense was that the note was obtained through the aforesaid fraudulent representations of plaintiff. Upon the trial the circuit court rendered a judgment for $25, the amount agreed on between plaintiff and Mense. The plaintiff alone appealed. Concerning the matter the supreme court said: "The note was obtained by fraudulent representations and should not be allowed to support an action." This case is cited by counsel for plaintiff as authority for its contention because the supreme court affirmed the judgment of the circuit court which was for a part of the note. It need only be remarked that the defendant did not complain of the judgment, and hence it was not the province of the supreme court to interfere.

The facts in the case of King v. Faber, 22 Penn. St. 21 were similar to those we have here. It was there held that

the partnership note was void as to the non-assenting partner, although it included a debt of the partnership.

So in Niver v Best, 10 Barb. 369, where a valid indebtedness was included in a note for a large sum, the court says: "It did not validate the note to include in it $300 of honest indebtedness. On the contrary the rule of law is that where one part of an entire contract is void, the whole is void."

In support of its contention the defendant relies on Klein v. Keyes, 17 Mo. 326; Briscoe v. Kinealy, 8 Mo. App. 76; Koontz v. Insurance Co., 42 Mo. 126, and Trabue v. Ins. Co., 121 Mo. 75. In the Klein case the plaintiff sued the firm of Keyes & Eichelberger on a note. Eichelberger defended on the ground that the greater part of the consideration of the note was for a private debt of Keyes, of which the plaintiff had notice. Before the suit was begun and afterwards, Keyes tendered the amount due from the partnership. On the trial Keyes offered evidence tending to prove his defense, which the circuit court excluded. The supreme court held this to be error, and stated that if on a retrial the facts alleged were established, the judgment should be for plaintiff for the amount tendered. It is obvious that this case in no manner aids the plaintiff. Keyes tendered the amount of the partnership debt represented by the note, thereby acknowledging his liability thereon to that extent. He did not seek to invalidate the note in its entirety.

In the Briscoe case, *supra*, the defendant pleaded total want of consideration. The circuit court found that the consideration of the note was good for a small portion of the note, and rendered judgment therefor. As to the remainder of the consideration it appeared conclusively that it was founded upon a baseless claim, and that the defendant consented that it be included in the note to escape the importunities of plaintiff. In that case there were no false representations or actual fraud, as the defendant acted under a full knowledge of all the facts, which distinguishes the case from the one at bar.

The Koontz and Trabue cases, *supra*, were actions on insurance policies covering buildings and personal property. The policies were held to be void as to the buildings by reason of breaches of warranties as to the title of the real estate. The supreme court sustained recoveries as to the personalty upon the theory that the policies virtually embraced two separate contracts, that the policy holders would have been entitled to separate policies had they demanded them, and that therefore the fraud or vice in the one contract did not affect the other. It is clear we think that these cases are not applicable to this case.

Our conclusion is that as the notes were given without the consent of Gough, they are fraudulent as to him and may be avoided by him. Therefore the order of the circuit court awarding a new trial was right. I am requested by Judge Bland to add the following:

"That after it was shown the note was given in part for the individual debt of a member of the firm, the plaintiff's *prima facie* case made by the note was gone, and it then devolved on him to remove the imputation of fraud in the inception of the note. This could not be done by showing that the consideration of the note was in part a partnership debt."

The cause will be remanded for further proceedings. All concur, Judge *Bond* in the result.